TARVER *v.* THE STATE.

1. Waiver of arraignment and the entry of this fact, together with a plea of not guilty, by the solicitor-general upon the indictment, sufficiently forms the issue to be tried in a criminal case. After this has been done, it is unnecessary to further call upon the defendant to plead.

2. There was no error as against the accused, if any at all, in instructing the jury that if, upon consideration of the evidence and the statement of the accused, all reasonable doubt of his guilt was removed, they should convict.

3. The evidence as to the breaking being amply sufficient, there was no error in refusing to charge as to the offense of larceny from the house; nor was there any error in admitting evidence of the value of the goods taken from the premises burglariously entered, although no value was alleged in the indictment. This evidence was material as a part of the description of the goods found in the possession of the accused, and bore upon the account given by him of that possession.

4. In passing upon the possession of stolen goods as evidence offered to show criminality, the time which elapsed between the theft and the possession, and the manner in which the possession was accounted for, or that it was not accounted for at all, are material matters for the consideration of the jury, to which the court, by appropriate instructions, should direct their attention. Though reference to the element of recency should never be omitted, it is not absolutely essential if the possession was in fact very recent; but in a trial for burglary, where the evidence upon which the State mainly relied, and without which there could have been no legal conviction, consisted of proof showing possession by the accused of goods which had been stolen from the premises burglariously entered, and there was an explanation by him of that possession which, if true, was consistent with his innocence, an entire failure by the court to submit to the jury the question whether or not that explanation was reasonable and satisfactory is cause for a new trial, it appearing that the court did, in substance, instruct the jury that the fact of the possession of the stolen goods might, in connection with the other facts in evidence, authorize a conviction.

5. Except as indicated in the preceding note, no error was committed at the trial.

December 21, 1894.

Indictment for burglary.    Before Judge JENKINS. Jones superior court.    October term, 1894.

Robert Tarver was convicted of burglary, and excepted to the refusal of a new trial.    The indictment charges, that on May 9, 1894, he did break and enter a certain outhouse, to wit a harness-house, the same being contiguous to and in the curtilage of the dwelling-house of George H. Lowe in Jones county, with intent to

commit a larceny, and did then and there steal and carry
away a set of buggy-harness, two bridles, a saddle and a
saddle-blanket, of the personal goods of said George H.
Lowe, in said house then and there being. At the trial
Lowe testified that the articles mentioned were of the
value of $50 or more, and were taken at the time and
from the house alleged. He saw them about eight
o'clock that night before they were taken. The next
time he saw them they were hanging up in defendant's
place of business in Bibb county. The door of the
house from which they were taken had a chain on it
which fastened over a staple. It was a little frame
house about twenty-five yards from the dwelling-house,
and under the protection of the dwelling-house. The
whole place was inclosed. The harness-house is inside
the protection of the yard and lot. Lowe's servant
testified that he put the harness in the house that night,
latched the door, chained it and hooked the chain over
the staple. The house has never had a lock. The chain
is fastened to the door by a staple drawn through and
clasped. The door was closed on the next morning, but
was unchained. The chain had three or four links; the
staple was a piece of wagon rod cut off and sharpened;
and the door was kept closed all the time. It further
appeared that on the evening of the burglary the de-
fendant crossed the river at a point about three quarters
of a mile from Lowe's premises, and went in the direc-
tion of Lowe's house. He said he was raised on that
place, and that he came to see his mother who lived at
one Edwards'. Lowe had seven or eight hands, all of
whom went to bed about the same time. When the goods
were found at defendant's house, he was asked if they
were Lowe's, and replied, no, he didn't know, he bought
them. In his statement at the trial he claimed to have
bought them from a colored man for $2.50, and hung
them up publicly by the side of his house for anybody

to see; that he told the man from whom he bought that that was all he could give for them, that he had no use for them and didn't know what he could get for them. He further mentioned that he went to Jones county to see his mother; he was at Edwards' place at six o'clock, and did not leave there until after nine o'clock the next morning.

The motion for a new trial alleges that the verdict is contrary to law and evidence; and sets forth the following other grounds:

Error in refusing a request to charge the jury on the subject of larceny from the house.

Error in admitting Lowe's testimony as to the value of the goods stolen, over objection that the indictment contains no allegation as to their value.

Error in charging, that "if the evidence in this case, the sworn evidence and the unsworn statement of the defendant in his own behalf, all taken together, remove all reasonable doubt from your minds of the guilt of the accused, it would be your duty to convict him." It is contended that it was erroneous thus to couple the statement of the defendant with the evidence, in order to raise a doubt in his favor, as the statement alone, if the jury believe it, is sometimes sufficient to raise a doubt in the minds of the jury.

Error in charging: "The indictment alleges in this case, that the defendant entered a certain outhouse contiguous to and within the protection or curtilage of the dwelling-house of Mr. George H. Lowe, that he entered it by breaking into it, and that his purpose was to commit a larceny. If you believe these allegations are true, and true to the exclusion of a reasonable doubt, and that the act happened in this county and State within the month of May last, it would be your duty to convict the defendant." It is contended that this charge was not based on the testimony, and was calculated to

v 95-15

mislead the jury, in the absence of an instruction that the jury should believe the allegations of the indictment had been *proved* to their satisfaction.

Error in charging: "If you find from the evidence in this case that there was a breaking, ascertain what the purpose was; both are questions of fact. A breaking in law does not require mutilation or tearing of the building." It is contended that this charge was calculated to mislead, it being necessary in burglary to use some force, legally speaking, in breaking into the house.

Error in charging: "If you find from the evidence in this case that some person entered the house, and if whoever did so did so by breaking, and that the purpose of the person breaking and entering, if there was a breaking and entering, was to commit a larceny, and if you find from the evidence that a larceny was in fact committed by taking goods from the house wrongfully and fraudulently by and with intent to steal the same; and if you find from the evidence that thereafter the goods taken from the house were found in the possession of the defendant, the accused person, you would be by law authorized to consider the fact, if it be a fact; and if you find he was in the possession of stolen goods, from the evidence in the case, and that a burglary had been committed by somebody breaking and entering with intent to commit a larceny, and the fact of possession of stolen goods got therefrom removes all reasonable doubt of his guilt, it would be your duty to convict him." It is contended that this charge excluded the consideration of the defense, that defendant bought the goods and came into possession of them honestly; and it is further alleged that, though some person other than the defendant committed the burglary, the jury were authorized by this charge to find the defendant guilty of the crime if he was found in possession of the stolen goods.

The last ground of the motion is, that the defendant, after waiving arraignment, was not called on by the court to plead; and it is contended that the court erred in not having the solicitor-general to call on him to plead, and that it was illegal and unconstitutional to try him without having him plead to the indictment. (Upon the indictment in the record appears this entry signed by the solicitor-general: "The defendant, Robert Tarver, waives copy of the indictment and list of witnesses; also waives being formally arraigned, and pleads not guilty.")

JOHN R. COOPER, for plaintiff in error.      H. G. LEWIS, solicitor-general, by FELDER & DAVIS, contra.

LUMPKIN, Justice.

1. The object of arraigning a prisoner is to give him an opportunity to plead to the indictment. If he waives arraignment, there is no further occasion to call upon him to plead; and certainly where, after the arraignment has been waived, the solicitor-general enters upon the indictment a plea of not guilty, no possible harm is done to the accused, and the issue between him and the State is duly made up. The point raised by the accused in this case, with which we have thus summarily dealt, is absolutely without merit.

2. In arriving at a conclusion in a criminal case, it is the duty of the jury to consider the evidence and the statement of the accused, giving to the latter just such weight as they see proper. After doing this, they must be satisfied beyond a reasonable doubt of the guilt of the accused before they can legally convict. Instructions to the jury conforming to the propositions just announced, if not absolutely proper and correct, certainly are not erroneous as against the accused.

3. The evidence showed with sufficient clearness that the house was broken. Accordingly, there was no error

in refusing to charge upon the offense of larceny from the house. The accused could not, under the facts, possibly be guilty of the latter offense without also being guilty of the burglary, and therefore no conviction of the lesser offense would have been lawful. In cases of larceny, the value of the goods stolen must be alleged and proved; but in an indictment for burglary, alleging that the accused broke and entered the house in question with intent to commit a larceny of certain described goods therein, it is unnecessary to allege their value; and although the value is not alleged, it may be proved at the trial as a part of the description of the goods which had been in the house and which were afterwards found in the possesson of the accused. In this case, proof of value also bore materially upon the account given by the accused of his possession of the goods. It tended to show that this account was false, because, according to what he said, he obtained them at so much less than their real value, his statement that he purchased them might well be doubted.

4. Nevertheless, that statement, if true, was consistent with his innocence, and he was entitled to have the jury pass upon the explanation given by him of his possession. It was for them to determine whether or not that explanation was reasonable and satisfactory. The court, in substance, instructed the jury that the fact of the possession of the stolen goods might, in connection with the other facts in evidence, authorize a conviction. A careful examination of the record before us shows that the evidence upon which the State mainly relied, and without which there could have been no legal conviction, consisted of proof of possession by the accused of the goods which had been stolen from the broken house. Under these circumstances, the merits of his explanation ought to have been submitted to and passed upon by the jury.

In charging with reference to the possession of stolen goods as evidence of criminality, the question as to how much time had elapsed between the theft and the possession ought also to be considered. As stated in *Young et al.* v. *The State* (*post*), decided October 15, 1894, the court, in charging in this connection, should use the word "recent," though it was there held that the omission to do so was not cause for a new trial where it affirmatively and unequivocally appeared that the possession in question was in fact a recent one. Still, we do not think that in cases of this kind the court should ever neglect to refer to the element of recency, and in such cases the charge should conform to the rules stated in the fourth head-note, which are sufficiently plain without further comment. We grant a new trial in this case because of the error therein indicated.

5. Some other minor questions were presented by the motion for a new trial, but none of them are of sufficient importance to require discussion.

*Judgment reversed.*