## SHARPE *v.* THE STATE.

1. When, in the trial of a criminal case, the State relies upon the possession of stolen goods by the accused as a circumstance tending to show guilt, the time which elapsed between the commission of the offense charged and such possession is a material matter for consideration by the jury, and in charging upon this subject, reference to the element of recency should never be omitted by the presiding judge.
2. Though failure to do so does not necessarily amount to reversible error, when it affirmatively appears that the possession in question was in fact a recent one, such failure is cause for a new trial when recency of possession is not shown, and the evidence, at best, makes a weak case against the accused.

Submitted October 3, — Decided October 12, 1898.

Indictment for arson. Before Judge Gamble. Bulloch superior court. May 30, 1898.

*Strange & Lee,* for plaintiff in error.
*B. T. Rawlings, solicitor-general,* contra.

LUMPKIN, P. J. It frequently happens, upon the investigation of a criminal charge, that the possession of stolen goods by the accused is a circumstance tending to show criminality. Instances of this kind often occur in prosecutions for larceny, burglary and arson, sometimes in cases of homicide, and also in trials for other offenses. Whenever evidence of such possession is offered, the time which elapsed between the commission of the offense and the possession by the accused of the stolen goods is a

material matter for consideration by the jury, to which the judge, by appropriate instructions, should call their attention. See *Tarver* v. *State*, 95 *Ga.* 222. In *Young* v. *State*, Id. 456, this court held that in charging the jury upon the law relating to the possession of stolen goods by one accused of theft, the court should use the word " recent." It was, however, in the case last cited, further held that the omission to do so would not be cause for a new trial where it affirmatively appeared that the possession in question was in fact a recent one. This, we think, was correct, for the reason that in that case there was no controversy as to the recency of the possession.

In the case at bar, the accused was charged with the crime of arson, and the State relied in a large measure upon evidence tending to show that she was in possession of a stolen article which was under, but not in, the house at the time the alleged arson was committed. The evidence did not, however, affirmatively show what length of time had elapsed between the arson and the possession by the accused of the article in question, and, as a whole, made a weak and doubtful case against her. In charging upon the law relating to the possession of stolen property as a circumstance tending to show guilt, the court nowhere used the word " recent," or made any reference to the element of recency relatively to such possession. We think, in a case of this character, it was essential to a fair trial that the law upon this subject should be fully and accurately stated to the jury, and that the omission to do so is good cause for a new trial.

*Judgment reversed. All the Justices concurring.*