## 6691.  CURRY *et al. v.* THE STATE.

1. All applications for continuances are addressed to the sound legal discretion of the trial judge (Penal Code, § 992), and his decision thereon will not be reversed unless there has been a plain, palpable, and flagrant abuse of this discretion.  *Sealy* v. *State,* 1 *Ga.* 213 (44 Am. D. 641); *Howell* v. *State,* 5 *Ga.* 48; *Roberts* v. *State,* 14 *Ga.* 6; *Revel* v. *State,* 26 *Ga.* 275; *Long* v. *State,* 38 *Ga.* 491; *Oglesby* v. *State,* 121 *Ga.* 602 (49 S. E. 706); *Rawlins* v. *State,* 124 *Ga.* 31 (52 S. E. 1); *Lyles* v. *State,* 130 *Ga.* 294 (60 S. E. 578); *Parker* v. *State,* 3 *Ga.* App. 336 (59 S. E. 823).

2. Continuances for the absence of counsel are not favored.  A strict showing is required, particularly where competent counsel other than the absent counsel has been secured, and it is not shown that the defendant was injured by the absence of his original counsel.  *Allen* v. *State,* 10 *Ga.* 85; *Horshaw* v. *Cook,* 16 *Ga.* 526; *Wright* v. *State,* 18 *Ga.* 383; *Loyd* v. *State,* 45 *Ga.* 57, 72; *Long* v. *State,* 38 *Ga.* 491; *Poppell* v. *State,* 71 *Ga.* 276.

3. Where a motion for a continuance was based upon the ground that the attorney who represented the accused was physically unable to appear, and it was shown that he had been employed by the accused with knowledge of his physical indisposition, the discretion of the trial judge in refusing a continuance will not be controlled.  *Easterling* v. *State,* 12 *Ga.* App. 690 (78 S. E. 140).  In this case the physical indisposition of

the counsel was caused by a broken leg, which was broken several weeks before he was employed by the accused, and he was using crutches when so employed, and his physical condition was apparent at that time to the accused, or could have been discovered by the slightest diligence. Under this state of facts there was no abuse of discretion in overruling the motion for a continuance.

4. There was no error (as assigned in the second ground of the amendment to the motion for a new trial) in the admission of the testimony showing a free and voluntary confession of the defendant Curry.

5. In the light of the explanatory notes of the trial judge, there is no merit in the fourth and fifth grounds of the amendment to the motion for a new trial.

6. There was no error in the refusal of the court to grant the counsel for the defendants two hours for the argument of this case. This was a felony case, but the offense charged was not a capital felony, and, under the law, the two defendants having elected to be tried together, their counsel were entitled to only one hour for the argument of their side of the case, and the grant of any further time was entirely within the discretion of the trial judge.

7. The court did not err "in declining to charge, on written request of counsel in said case, section 1009 of the criminal code of the State of Georgia." The court had the right to assume that this request referred to section 1009 of the last-adopted criminal code of Georgia (1910); and that section was not applicable to the facts of the case.

8. Those assignments of error on different excerpts from the charge of the court which are referred to in the brief of counsel for the plaintiffs in error are without substantial merit. The instructions complained of in various grounds of the amendment to the motion for a new trial are not erroneous for any of the reasons assigned therein. The other special assignments of error are entirely without merit or are not referred to in the brief of counsel for the plaintiffs in error.

9. The evidence authorized the conviction of both defendants, and the court did not err in overruling the motion for a new trial.

DECIDED NOVEMBER 20, 1915. REHEARING DENIED JANUARY 7, 1916.

Indictment for arson; from Berrien superior court—Judge Thomas. May 15, 1915.

*John R. Cooper, William Story, J. C. Smith,* for plaintiffs in error. *J. A. Wilkes, solicitor-general,* contra.

BROYLES, J. The sixth headnote alone needs elaboration. It is insisted by counsel for the plaintiff in error that when two defendants charged with a felony, not a capital felony, are being jointly tried, counsel for the defendants are entitled to two hours argument of the case. Counsel cite rulings of the Supreme Court (*Cruce* v. *State,* 59 *Ga.* 83; *Cumming* v. *State,* 99 *Ga.* 662 (27 S. E. 177); *Butler* v. *State,* 92 *Ga.* 601 (19 S. E. 51); *Rawlins* v. *State,* 124 *Ga.* 48 (52 S. E. 1)), to the effect that in such a case

each defendant is entitled to twenty peremptory strikes, and insist that it follows that as the number of strikes for the defendants' side is doubled, the number of hours for argument should also be doubled. We can not agree with this argument of learned counsel. The above-mentioned ruling was based upon the statute now embodied in section 1000 of the Penal Code of Georgia, in which it is specifically and expressly provided that "every person indicted for a crime or offense which may subject him to death, or four years imprisonment or longer in the penitentiary, may peremptorily challenge twenty of the jurors impaneled to try him." It will be seen, from the wording of this section, that *every* person so indicted has the right to twenty peremptory challenges; and the Supreme Court has held, as above stated, that this means that *every* defendant so indicted is entitled to this number of strikes, no matter whether he is being tried separately, or jointly with other parties. Rule No. 5 of the rules of the superior courts (Civil Code of 1910, § 6264), as amended by the convention of judges, December 19, 1911, however, contains no provision that counsel for *every* defendant so indicted has the right to two hours for argument. On the contrary, they are therein expressly and clearly limited in their argument to one hour, unless the court in its discretion, on appropriate request, extends the time. Rule No. 5, supra, provides that "in felony cases other than capital felonies, counsel shall be limited in their argument to one hour to the side; . . . but if counsel on either side, before the argument in the case begins, apply to the court for an extension of the time prescribed for argument in this rule, . . . the court may grant such extension of time as may seem reasonable and proper." It will be seen that by this rule, in felonies less than capital felonies, each *side* is expressly *limited* to one hour for argument; and although two or more defendants may elect to be tried jointly, still it can not be reasonably contended that there are more than two sides to the case. No matter how many defendants are being jointly tried, the State is one *side,* and the defendants (no matter how many) constitute the *other.*

Because the Supreme Court has held that in such a case the defendants are entitled to double the number of strikes, it does not necessarily follow that their counsel are entitled to double the number of hours for argument. In *Lynn* v. *State,* 140 *Ga.* 387

(79 S. E. 29), where two persons were jointly tried for murder, it was insisted by counsel for the defendants that because the two defendants were entitled to double the number of strikes, they were also entitled to a panel of ninety-six jurors instead of forty-eight, from which to strike. And the Supreme Court in that case denied this contention of counsel, and said: "The defendant can require no more than the statute grants to him. He is granted a panel of forty-eight jurors, and while two were indicted jointly, each had the right, as did the State, to a severance on the trial, if the election was made. Penal Code, § 995. Had the defendant elected to be separately tried, he would have had a full panel of forty-eight jurors from which to strike. . . But as he did not elect to sever, but to be tried jointly, it can not be held that he was entitled, as a matter of law, to a panel of ninety-six jurors. It is apparent what such a ruling would lead to, if a number of persons were jointly indicted and all the defendants elected to be jointly tried, and each insisted on the rule contended for here. The defendant is entitled to all the statute grants to him, and no more, and it grants to him a panel of forty-eight jurors, and the right to sever on the trial. If, therefore, he was furnished with a panel of forty-eight jurors, as required by the statute, and he declined to sever on the trial, he has been deprived of no right. See *Carson* v. *State*, 134 *Ga.* 786 (68 S. E. 554)."

We think the reasoning of the Supreme Court in that case can well be applied to the point under discussion here. It is clear to us that counsel for the defendants in this case were not entitled, as a matter of *right*, to more than one hour of argument, and that the judge, when he declined to grant them two hours, as requested, but gave them one hour and twenty minutes, did not abuse his discretion.          *Judgment affirmed. Russell, C. J., dissents.*

RUSSELL, C. J., dissenting. So far as the point raised as to the right of counsel to have two hours for argument is concerned, it is, as is apparent from the statement of Judge Broyles, a question to be decided as a matter of first impression. There is no precedent upon the point, one way or the other. I am unwilling, for the first time, to lay down a rule which, so far as I am aware, is at variance with a well-established practice which I deem to be in the interest of the economy of time and money in the trial courts. I think the question is quite analogous to that relating to the number of per-

emptory challenges allowed defendants when they elect to be jointly tried in prosecutions for crimes. I do not think the ruling in *Lynn* v. *State* (supra) is controlling, nor in its practical effect so applicable to the point now before us as the rulings cited in the opinion of the majority upon the subject of peremptory challenges. To confine counsel representing more than one defendant indicted for felony to one hour of time for argument will, in most instances, result in separate trials of defendants in criminal cases; and in cases where there are a number of witnesses the additional time required for trial will impose new burdens upon the court and additional expense upon the various counties of the State, without any corresponding benefit in return. It is within the experience of every practitioner that one hour may not be an extreme length of time for the argument of a case which may perhaps involve the liberty of the defendant for as much as twenty years. Where three or four separate defendants are jointly indicted and are represented by different counsel, each one of whom might honestly believe that his client is innocent, though he might suspect or even be convinced of the guilt of some codefendant not represented by himself, the denial of more than one hour's time for all of the defendants jointly will practically enforce separate trials in such cases, and the court, already burdened, will of necessity be subjected to a greater strain. As to the ruling in *Lynn's* case: It is apparent that the only reason why defendants jointly indicted would desire to have two or more panels of forty-eight face them at one and the same time, to be sworn upon their voir dire, is to enable those defendants and their counsel to "shape their strikes." And since it must be presumed that all persons selected for jury service are upright and intelligent, and the science of jury-striking is not one recognized as such by law, the denial of any such privilege by the Supreme Court in *Lynn's* case did not abridge any substantial right of one accused of crime. Cases can be imagined, however (with very numerous witnesses), where the testimony as to the guilt of one of the defendants would be very slight, and as to others more or less doubtful, and as to still others the proof of guilt would be conclusive. In such a case time would be required for the marshaling of practically all the evidence in the case, and in such a case a prudent lawyer having in view the decision of the majority in this case would decline to have his clients jointly tried.

As I see it, the rule of the superior court (which, it is true, has all the force of a statute) was adopted by the judges with a view of the then-existing well-recognized practice in this State, which allowed defendants who consented to be jointly tried the same aggregate length of time for argument as if they had elected to sever; and for this additional reason I do not think the ruling in the *Lynn* case has any application to the point now before us.