### 29118. HUNTER *v.* THE STATE.

Decided September 12, 1941.

*W. A. Dampier, W. W. Larsen Jr.,* for plaintiff in error.

*J. Eugene Cook, solicitor-general, Emory S. Baldwin Jr.,* contra.

GARDNER, J. The defendant was tried for murder and convicted of involuntary manslaughter in the commission of an unlawful act. He filed a motion for a new trial which he amended by adding three special grounds. The court overruled the motion and the defendant excepted.

Substantially, the evidence for the State shows that the deceased was riding a bicycle along one of the streets of Dublin and that the defendant was driving an automobile on the same street, each approaching the other; that the defendant was under the influence of liquor and was driving at an unlawful rate of speed, on the wrong side of the street, and failed to give any warning or sound any signal on approaching, intercepting, and meeting the deceased who was then near a curb in the street; and that the defendant did not stop after striking down the deceased. The defendant in his statement denied these contentions of the State. As to the general grounds, the evidence amply supported the verdict and it is useless to discuss this further.

Ground 1 of the amended motion assigns error because the court refused to continue the case on account of the absence of W. A. Dampier, leading counsel for the defendant. Illness was assigned

as the reason for his absence. It is insisted that if the leading counsel had been present conducting the trial a different verdict would have been rendered. To the motion for continuance the State made a counter-showing to the effect that at the time Mr. Dampier was employed he was, and had been for several years, unable to participate in the trials of cases. In approving the grounds of the motion for new trial the judge entered the following as a part of his order: "Ground 1 of the amended motion for new trial is approved subject to the following explanation: the January term of Laurens superior court, which by law convenes on the fourth Monday in January was regularly convened on that date and recessed until the second Monday in February, 1941. In the early part of January, 1941, prior to the convening of the January term of the court on February 10, the court, with a view of the illness of Mr. W. A. Dampier, a leading member of the bar and member of the firm of Dampier & Miller, had a conference in his office with the solicitor-general, his assistant, and Miss Miller, of the firm of Dampier & Miller. Mr. Dampier, a leading criminal lawyer of the bar, had been more or less ill for a period of five years, and during the past twelve months had not tried any major case in the superior courts, although he had been employed in a great many murder cases happening during that period and since he was ill. The criminal docket in the county had become congested with homicide cases, untried on account of Mr. Dampier's illness. At this first conference at the court's office, approximately thirty days before the convening of the court, the court stated to Miss Miller that while he would continue Mr. Dampier's civil cases again at the January term, that he would not continue the homicide cases, and especially those that he had taken since he had been ill; that if she did not feel equal to try all of the cases herself the court would appoint, to be associated with her, any member of the Dublin bar of her selection, or that the defendants could employ them other counsel at their option. This and other defendants were notified in ample time that their cases would not be continued on account of the illness of Mr. Dampier. This particular defendant employed other able and competent counsel, Mr. W. W. Larsen Jr., who in connection with his association with Miss Miller, gave the defendant a fair, conscientious, and able defense in the presentation of all issues of his defense. With this explanation, grounds 1, 2, and 3

of the amended motion for new trial are approved and ordered filed as a part of the record in said case. This the 10th day of April, 1941." In allowing the amendment to the motion for new trial the court entered this order: "The above and foregoing amended motion allowed and the same ordered filed as part of the record in said case subject to the explanation hereinafter made as to ground 1 of amended motion. This April 9th, 1941." A motion of this nature is addressed to the sound discretion of the court. Under the facts submitted and the explanation of the court on approving this ground there was no abuse of discretion in overruling the motion to continue. *Curry* v. *State,* 17 *Ga. App.* 377 (87 S. E. 685); *Easterling* v. *State,* 12 *Ga. App.* 690 (78 S. E. 140). In addition, in order to make this ground show reversible error it would be incumbent on the defendant to show injury. From a view of this record we can not see how any one could have more ably represented the defendant than the counsel who conducted the trial and prosecuted the writ of error in this court. There is no merit in this ground.

Ground 2 assigns error because the court gave in charge to the jury Code, § 68-306. Under the facts presented this law was applicable, and the court did not err in giving it in charge to the jury.

Ground 3 assigns error on the ground that the court charged Code, § 68-308. The court charged both grades of involuntary manslaughter. Although the failure of the defendant to stop as required by the provisions of this section may have had no causal effect on or connection with the homicide, as such, we think it was proper to give the section in charge as illustrative of the conduct of the defendant at the time of the homicide, even though the courts have held that the following portion of the section, "he shall render such assistance as may be reasonable or necessary," is too vague and indefinite to form the basis of a criminal prosecution. *Hurst* v. *State,* 39 *Ga. App.* 522 (47 S. E. 782). We think that the conduct of the defendant at the time of the homicide may well be measured, inferentially and circumstantially, by the conduct which the provisions of this section propose to regulate. See *Battle* v. *Kilcrease,* 54 *Ga. App.* 808 (189 S. E. 573). As to this ground we think no reversible error was committed.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*