## 29885. TONEY v. THE STATE.

DECIDED JANUARY 12, 1943. REHEARING DENIED APRIL 3, 1943.

*C. G. Battle,* for plaintiff in error.

*T. J. Brown Jr.,* solicitor, contra.

MacINTYRE, J. ■ Toney was convicted of the theft of thirty-two chickens. His motion for new trial was overruled and he excepted. He was a produce merchant, who bought chickens all over the country, with a place of business in Atlanta. The chickens were found in his truck in Henry County, Georgia, the county in which the chickens had been stolen the night before.

If the evidence had stopped after the State proved the recent possession of the stolen goods, the jury would have been authorized, but not required, to convict. However, the defendant undertook to make a satisfactory explanation of this possession by putting up a negro witness who testified that he had stolen the chickens; that he

told the defendant that an automobile in which the chickens were being transported from Henry County to Atlanta had broken down; that he took the chickens out of this car and put them in some woods; that he wanted to sell them to the defendant; that the defendant did not wish to buy them; that the witness offered the defendant $5 to haul them to Atlanta; "That they went in the car, he and Mr. Toney, down highway No. 42, to the place where the Locust Grove and Luella Road turned off of said highway; that they turned off on the Luella Road and went to the first patch of woods; that the last house in Locust Grove and the next house beyond the woods was 300 or 400 yards apart; that about halfway the distance between the two houses a road turned off into the woods; that it was a small road; that they, with Mr. Toney driving, drove up this little road about 50 yards into the woods; that he got out of the car and walked out in the woods to where he had hid the chickens, and he got them out of the bushes and put them in Mr. Toney's car; that Mr. Toney stayed in the car and did not get out; he put one sack in the trunk at the back of the car and two sacks in the foot of the back seat of the car; that they both started back to Atlanta in the car." The witness testified that the place where the chickens were hidden was about one and one-half miles from the farm of Mr. Garland (the owner of the chickens); that he did not go to any other place in Atlanta or try to get any other dealer to buy the chickens; that Toney did not know anything about his stealing the chickens. The defendant, in his statement to the jury, denied any guilt, and corroborated the testimony of the witness.

Under our law allowing the defendant to make a statement to the jury not under oath, the jury may believe any part of it, or all of it, or none of it. As to the witness, the jury was authorized to find that he was unworthy of belief, in that he admitted that he was a chicken thief, and at the time of his arrest was wanted to complete an "unserved sentence," although the crime for which he was sentenced was not stated. And it might be noted further that the name of the person whose automobile broke down, which necessitated the witness going to the defendant to get him to transport the chickens, was not given; that the defendant was in the produce business and, so far as the record shows, was not in the business of hauling for hire yet he agreed to haul the chickens for $5; that the defendant went with the witness to a place, not beside the main

highway but into the woods, where thirty-two chickens in sacks were concealed under some bushes; that from the very nature of his business, that of a produce man who bought chickens all over the country, the defendant was likely to want chickens in large quantities. A witness for the State testified that on a report made to him about two months before the date of the trial he had examined a plum orchard near Flippen, and that he found chicken feathers in the orchard. He also testified that the defendant's automobile tag number was the same as one which had been reported to him on the previous occasion. He testified that Toney, on the way back from where he was arrested, stated that he had bought chickens from this same negro at this plum orchard on this previous occasion. These and other facts and circumstances could be taken as inconsistent with the witness's testimony.

"The testimony of a witness is to be considered as a whole, and not in disjointed parts. Nor is [the jury] bound in every case to accept the literal statements of a witness before it merely because such statements are not contradicted by direct evidence. Implications inconsistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain as an issue of fact despite uncontradicted evidence in regard thereto." *Cooper* v. *Lumbermen's Mutual Casualty Co.*, 179 *Ga.* 256, 261 (175 S. E. 577). "The rule that the uncontradicted testimony of unimpeached witnesses can not lawfully be arbitrarily disregarded 'does not mean that the jury are obliged to believe testimony which under the facts and circumstances disclosed they in fact discredit, but means that they are to consider the testimony of every witness who is sworn, and not arbitrarily disregard the testimony of any witness.'" *Fincher* v. *Harlow*, supra. See, in this connection, *Mitchem* v. *State*, 53 *Ga. App.* 280 (185 S. E. 367); *Lankford* v. *Holton*, 187 *Ga.* 94, 102 (200 S. E. 243); *Long* v. *State*, 62 *Ga. App.* 775 (9 S. E. 2d, 845).

Under the facts and circumstances the jury were not required to believe the defendant's witness. And, under Code § 38-415, the defendant's statement to the jury not being under oath, the jury are never required to believe it in whole or in part. However, if they desire to do so, they may believe it in preference to any and all evidence in the case. Hence, we think the jury were authorized to disregard the testimony of the defendant's witness and the defendant's statement, and find the defendant guilty.

■ The defendant contends that it was reversible error for the court, without request, to fail to charge "that where property has been shown to have been stolen, and shortly thereafter the same is found in the possession of the defendant in a criminal case, such possession would be a circumstance from which the jury would be authorized to infer the defendant's guilt, unless the defendant makes an explanation of such possession which is consistent with his innocence to the reasonable satisfaction of the jury." Since the charge of the court was not sent up in the record, in considering this special ground this court will presume that the judge charged correctly, if the contrary be not manifest from the exception taken. *Woolfolk* v. *Macon & Augusta R. Co.,* 56 *Ga.* 458; *Trice* v. *Rose,* 80 *Ga.* 408 (2) (7 S. E. 109). Thus, as none of the charge is in the record, the presumption is that the defendant's intent, the manner of taking, the ownership of the property, etc., were properly submitted to the jury. *Burge* v. *State,* 62 *Ga.* 170 (2). In *Crumady* v. *State,* 168 *Ga.* 457, 463 (148 S. E. 157), Judge Hines, speaking for the Supreme Court, discussed *Tarver* v. *State,* 95 *Ga.* 222 (21 S. E. 381); *Morris* v. *State,* 5 *Ga. App.* 300 (63 S. E. 26), and *Mayfield* v. *State,* 17 *Ga. App.* 115 (86 S. E. 284), the cases relied upon by the plaintiff in error and laid down the following rule: "If the conviction rests solely upon the possession of stolen goods, then the court should give an appropriate instruction respecting the weight to be given such possession, whether requested or not; but when the conviction rests both upon proof of such possession and upon other circumstances tending to establish the guilt of the accused, then the failure of the court to give appropriate instruction respecting the weight to be given to proof of the possession of stolen goods will not, in the absence of a request, require the grant of a new trial." Applying this rule to the instant case, where the conviction for simple larceny rests both upon proof of recent possession of the stolen goods and upon other circumstances tending to establish the guilt of the accused, an entire failure to charge as to the evidentiary value of the possession, when weighed in connection with the explanation, is not cause for a new trial in the absence of a request to so charge.

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*