26496. RUSK v. RUSK.

HAWES, Justice. 1. This is a divorce case. The original complaint filed on behalf of plaintiff in this case was signed by J. Ralph McClelland, Jr., Alfred D. Fears and Lambdin & Smith by Carl E. Lambdin, attorneys for the plaintiff. On the trial of the case, Mr. Fears and Mr. Floyd Buford, with the firm of Byrd, Groover and Buford, represented the plaintiff. The motion for a new trial, which was filed on June 29, 1970, on behalf of the plaintiff, was signed by Mr. McClelland. The motion was originally set to be heard on the 26th day of September, 1970, but the transcript not having been prepared, it was regularly continued until the 23rd day of October, 1970. The transcript was certified by the court reporter on the 15th day of October, 1970, and presumably it was delivered to and received by the attorney for the plaintiff on that date or within a day or two thereafter. When the motion came on for a hearing on the date previously set an order was procured by Mr. McClelland extending the time for the hearing on the motion to the 14th day of December, 1970. As attorney for the plaintiff, on December 7, 1970, Mr. McClelland, by letter addressed to the trial judge, requested that the hearing on the motion be reset to a date after January 15, 1971, because of a "recurrence of the physical difficulties I experienced last fall." He advised the trial judge in that letter that if he found that he could not proceed on that date he would assist plaintiff in obtaining other counsel to go forward with the hearing on the motion. Pursuant to that request, an order extending the time for the hearing to 10 a.m. on January 22, 1971, was signed by the trial judge on December 8, 1970. On January 18, 1971, Mr. Wayne Jernigan wrote to the trial judge advising him that Mr. McClelland had withdrawn from the case and that he had been employed to represent the plaintiff in the matter. He requested a further postponement in order to afford him time to familiarize himself with the record. It appears that Mr. Jernigan had previously taken depositions in the case. In his letter, he advised the judge that his situation was further complicated by the fact that his father was seriously ill at Buena Vista, Georgia, neces-

sitating his presence at his father's bedside; and it further appears that this illness culminated in the death of Mr. Jernigan's father on Friday, January 22, 1971. On January 20, 1971, the trial judge wrote Mr. Jernigan a letter advising him that he felt that in view of the objection of counsel for the defendant to any further postponement, and in view of the fact that the case had been continued several times, he could not grant a further postponement. The order overruling the motion for a new trial was rendered on January 22, 1971.

The plaintiff enumerates as error the refusal of the trial judge to grant plaintiff's "motion for a continuance as to the time for hearing on her motion for a new trial," and that the court erred in overruling her motion on its merits "without notice to her" and without according her an opportunity to file her amended motion for a new trial and motion for a change of venue. The granting or refusing of a continuance lies within the sound legal discretion of the trial judge. That discretion will not be controlled unless manifestly abused. Continuances for absence of counsel are not favored and a strict showing is required, particularly where counsel other than the absent counsel who is familiar with the case is available to prosecute the motion. See *Allen v. State,* 10 Ga. 85; *Poppell v. State,* 71 Ga. 276 (2); *James v. State,* 150 Ga. 76 (1) (102 SE 425); *Austin v. State,* 160 Ga. 509 (1) (128 SE 791); *Lowe v. State,* 185 Ga. 113, 114 (194 SE 527); *Easterling v. State,* 12 Ga. App. 690 (1) (78 SE 140); *Curry v. State,* 17 Ga. App. 377 (1) (87 SE 685); *Hunter v. State,* 65 Ga. App. 766 (16 SE2d 500); *Townsend v. State,* 78 Ga. App. 385, 386 (50 SE2d 801). While it may be conceded that the absence of Mr. Jernigan and the withdrawal of Mr. McClelland from the case were both for providential cause, we cannot say in view of the number of attorneys who had been associated in the trial of the case on behalf of the plaintiff and who were undoubtedly familiar with the case, that the trial judge abused his discretion in refusing to grant a further continuance or postponement of the hearing on the motion for a new trial. The motion had been set for January 22, 1971, and in the absence of affirmative notice to counsel that the motion for a further continuance had been granted it cannot be

said that the act of the trial judge in passing on the motion on its merits on that date was done without notice to the movant. The first three grounds of enumerated error are without merit.

2. The fourth ground of enumerated error contends that the trial court erred in refusing to grant a mistrial because of misconduct of the defendant's counsel in oral argument. The transcript certified and sent to this court does not include the arguments of counsel, nor does it contain any colloquy showing that a motion for a mistrial was made on account thereof. Pursuant to the authority embodied in § 13 of the Appellate Practice Act (Ga. L. 1965, pp. 18, 29, as amended; *Code Ann.* § 6-809), this court ordered the Clerk of the Superior Court of Lamar County to certify an additional transcript showing the argument of counsel and all motions and colloquies in relation thereto, or in the alternative to certify why this could not be done. In reply to that order the clerk of the superior court has transmitted to this court a letter over his signature advising that all records in this case were forwarded at the time the case was transmitted to this court, and he has attached to that letter an original letter signed by the reporter who transcribed the evidence certifying that no such motion for a mistrial was made. In view of this certification the fourth ground of enumerated error presents no question upon which this court can pass.

3. The defendant filed an answer and a cross complaint against the plaintiff seeking a divorce from her on the ground of cruel treatment. In addition to the defendant himself, five witnesses testified in his behalf. Three of those witnesses testified simply that they had known the defendant, that his character was good and that they would believe him upon oath. The evidence of the other two witnesses and of the defendant himself tended to show numerous instances of temper tantrums on the part of the plaintiff directed toward the defendant and members of his family, at least two acts of violence directed to the defendant resulting in physical injury to him and at least one instance in which the defendant was authorized to conclude that the plaintiff may have been trying to kill him by endeavoring to cause a hunting rifle which he used to explode in his face. The evidence, on behalf of the plaintiff, strongly contradicted that of

the defendant and made out a case of cruel treatment on the part of the defendant toward the plaintiff. The jury resolved these conflicts in the evidence and the verdict was approved by the trial judge. Under these circumstances, this court cannot say that the evidence did not authorize the verdict.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 13, 1971—DECIDED JULY 9, 1971.

*J. Ralph McClelland, Jr.,* for appellant.

*Ham, Mills & Freeman, J. Roy Mills, Jr., W. Franklin Freeman, Jr.,* for appellee.