50046. JACOBS et al. v. THE STATE.

DEEN, Presiding Judge.

1. The appellant Jacobs brothers were indicted, tried and convicted along with one Tommy Bryant for the offense of burglary. The attorney for the appellants moved to suppress certain evidence, upon which the trial judge signed an appended rule nisi setting it for hearing outside the presence of the jury, as required by Code Ann. § 27-313 (b) ("The judge shall receive evidence out of the presence of the jury," etc.). The time set out in the rule nisi passed and the following order was entered: "The within and foregoing motion to suppress having come on regularly to be heard, and there being no appearance by the defendant and his attorney, the motion is dismissed

on the grounds that it appears to the court that the motion has been abandoned."

"Continuances for absence of counsel are not favored and a strict showing is required." *Rusk v. Rusk,* 227 Ga. 756, 757 (183 SE2d 209). Here, not even a motion for continuance was made. Code Ann. § 27-313 (b) does not require that the state present evidence of the legality of a search in the absence of a valid attack thereon. It was not error to dismiss the motion for lack of prosecution.

2. There is sufficient evidence supporting the court's finding that the confession of the co-defendant Bryant was voluntary. He was first given proper instruction as to his constitutional rights. The fact that the witness and two other peace officers went to the trailer where this defendant was living, and that one of them said, "What if the two Jacobs brothers had said he was the brains of the whole thing?" to which he replied he had been framed once and did not intend to be framed again. "Statements of an incriminatory character by one accused of crime are admissible in evidence, if freely and voluntarily made, though made to an officer while in his custody and induced by some trick, artifice, or deception." *Hudson v. State,* 153 Ga. 695 (3) (113 SE 519). The employment of falsehood by a police officer, where calculated only to elicit the truth, is not alone enough to render it inadmissible. *Moore v. State,* 230 Ga. 839 (1) (199 SE2d 243). See also *Blackwell v. State,* 113 Ga. App. 536 (1) (148 SE2d 912) and cit. The admission of Bryant's statement in evidence was not error.

3. The owner of the house testified to a list of articles missing after the burglary, and that all but one of them were recovered, the remaining one being "still up at the police station there in Atlanta"; that they had gone to the Atlanta police department to identify it and that Mr. Payne was there at the time. Payne testified without objection: "We then went to the Atlanta police department. Mr. and Mrs. Biles met us there. We observed a number of items and we also made photographs of those items that were identified by Mr. Biles as the ones that came out of his house." This testimony is not hearsay, and is sufficient to establish that at least some of the items recovered were owned by

the Biles as charged in the indictment. This, in conjunction with evidence proving entry and asportation, was sufficient proof of the corpus delicti.

4. The defendants' car, with the Biles' television and other personalty therein, was halted while still en route to Atlanta from the Biles' home in Henry County where the break-in occurred. Since all of these events happened on the same day any failure to instruct the jury to consider whether the possession proved was recent or not is harmless error. Though reference to the element of recency should never be omitted, it is not absolutely essential if the possession was in fact very recent." *Tarver v. State,* 95 Ga. 222 (4) (21 SE 381), and see *Sharpe v. State,* 105 Ga. 588 (1) (31 SE 541). The *Tarver* case was reversed for failure to charge in connection with an instruction that recent possession may authorize conviction where there can be no conviction except on the inference arising from the possession, to also submit to the jury the issue of whether the defendant's explanation of that possession was satisfactory to them and consistent with his innocence. But "where the conviction . . . rests both upon proof of recent possession of the stolen goods and upon other circumstances tending to establish the guilt of the accused, an entire failure to charge as to the evidentiary value of the possession, when weighed in connection with the explanation, is not cause for a new trial in the absence of a request to so charge." *Toney v. State,* 69 Ga. App. 331, 334 (25 SE2d 85); *Crumady v. State,* 168 Ga. 457, 463 (148 SE 157). In the present case, in addition to the stolen goods themselves found in the automobile a very short time after the burglary, there are the confession of a codefendant and other circumstances sustaining the conviction, and the court did not in fact instruct the jury that they might return a verdict of guilty based on possession alone.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

SUBMITTED JANUARY 13, 1975 — DECIDED
JANUARY 30, 1975.

*Katz, Paller & Land, Fred L. Cavalli,* for appellants.

*Edward E. McGarity, District Attorney,* for appellee.