### 31705. JACOBS v. HOPPER.

PER CURIAM.

This is a habeas corpus case. Appellant and two others were convicted of burglary after a joint jury trial, and the conviction was upheld on direct appeal. *Jacobs v. State,* 133 Ga. App. 812 (212 SE2d 468) (1975).

Prior to the trial, appellant filed a motion to suppress certain evidence obtained in a search incident to arrest, alleging that the arrest was made without probable cause. When neither appellant nor his counsel appeared at the hearing on the motion, the trial court dismissed the motion on the ground it had been abandoned.

The record contains no objection at the trial when this evidence, in the form of testimony of the arresting officer, was introduced. Also introduced at the trial through the testimony of a police officer was an alleged confession made to the officer by one of appellant's co-defendants (who was represented by separate counsel) which implicated the appellant and the third co-defendant as the perpetrators of the burglary. After a substantial Jackson-Denno hearing (out of the jury's presence), the court concluded that the statement was freely and voluntarily made. The co-defendant, who allegedly made this statement, did not take the stand.

### I.

Appellant claims that the trial court deprived him of his constitutional rights under the 4th and 14th Amendments in admitting evidence, unobjected to at trial, which was obtained in an illegal search. We find no merit in this claim for the following reasons.

Code Ann. § 50-127 provides that grounds for the writ of habeas corpus exist where: "in the proceedings which resulted in his conviction there was a *substantial denial of his rights under the Constitution of the United States* or of the State of Georgia or the laws of the State of Georgia. . ." (Emphasis supplied.)

In Stone v. Powell, — U. S. — (96 SC 3037, 49 LE2d 1067) (1976) the Supreme Court held that "a federal court need not apply the exclusionary rule on habeas review of a Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." Id., n. 37 at 96 SC 3052, 49 LE2d 1088. In reaching that conclusion, the court noted that, "Post-Mapp decisions have established that the [exclusionary] rule is *not a personal constitutional right.*" Id. at 96 SC 3048, 49 LE 2d 1083. (Emphasis supplied.) Rather, "the rule is a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect." Id., quoting from United States v. Calandra, 414 U. S. 338, 348 (94 SC 613, 38 LE2d 561) (1974). The court recognized the "minimal utility of the rule when sought to be applied to Fourth Amendment claims in a habeas corpus proceeding," Stone v. Powell, n. 37, supra, and concluded that any possible deterrent effect to be gained by applying the rule on collateral review was "outweighed by the acknowledged costs to other values vital to a rational system of criminal justice."

From this it is clear that the introduction of evidence obtained in an illegal search or seizure is not a "substantial denial" of a defendant's rights under the Constitution of the United States. The further question is whether it is necessary to impose the exclusionary rule, in a state habeas corpus proceeding, in order to effectuate the protections of the Fourth and Fourteenth Amendments. We believe the test announced by the Supreme Court in Stone v. Powell, supra, regarding federal habeas corpus review would serve equally well for state habeas corpus review, and we therefore adopt it.

From the record, it appears that the appellant did have a full and fair opportunity to litigate his Fourth Amendment claims at trial and on direct review. We note, and emphasize, that the test is "full and fair *opportunity*"; not whether the claim was, *in fact,* litigated. Code Ann. § 27-313 sets out the procedure by which a claim of unlawful search and seizure is tested. We believe Code Ann. § 27-313 provides the defendant a "full and fair *opportunity*" to have his Fourth Amendment claims

considered prior to his trial, and it provides a method by which a defendant may secure a record on these issues that will enable a court, on direct appeal, to review the trial court's ruling. The appellant here, after filing a pre-trial motion to suppress under Code Ann. § 27-313, failed to appear at the evidentiary hearing; failed to move for a continuance; failed to object at trial to the dismissal of his motion entered on the ground that the motion was abandoned; and failed to object to the introduction of the evidence at trial. Under these circumstances we find nothing to indicate that appellant was denied a full and fair opportunity to litigate his Fourth and Fourteenth Amendment claims. Therefore, his claim, based on the introduction at his trial, of evidence obtained in an illegal search and seizure, does not warrant habeas corpus relief.

In view of our holding today, *Morgan v. Kiff,* 230 Ga. 277 (196 SE2d 445) (1973), to the extent that it is in conflict with what we hold here, will no longer be followed. That case was decided before this court had the benefit of the Supreme Court's decision in Stone v. Powell, supra.

II.

Appellant also complains that his conviction must be set aside because highly prejudicial testimony as to a "confession" made by one of his co-defendants, who did not testify, was not excluded from the evidence.

The record reveals that the introduction of testimony regarding the statement made by the appellant's co-defendant was objected to on the ground that the statement was not made voluntarily. Although the rule announced in Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) would clearly have required exclusion of the highly damaging testimony, the applicability of the Bruton rule was not relied on in the objection. After a Jackson-Denno hearing the objection was overruled and the testimony was admitted into evidence.

We find, under the circumstances of this case, that appellant's claim has merit. After a thorough examination of the record, we are unable to find that appellant was not harmed by the introduction of the evidence and we therefore must reverse the judgment of

the habeas court and order that the appellant be given a new trial.

*Judgment reversed. All the Justices concur, except Gunter, J., who concurs in Division II and in the judgment, Jordan, J., who concurs specially as to Division II, Ingram, J., who concurs in the judgment only and Nichols, C. J., and Hall, J., who concur in Division I, but dissent to Division II and to the judgment.*

ARGUED NOVEMBER 22, 1976 — DECIDED FEBRUARY 18, 1977 — REHEARING DENIED MARCH 8, 1977.

*Thomas M. West,* for appellant.

*Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.

JORDAN, Justice, concurring specially.

I concur in Division II of the opinion for the following reason:

Appellant complains, for the first time that the introduction of evidence of his co-defendant's "confession" deprived him of his constitutional right to confrontation in violation of the Sixth and Fourteenth Amendments. See Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968); Roberts v. Russell, 392 U. S. 293 (88 SC 1921, 20 LE2d 1100) (1968).

In my view, our first inquiry must be whether appellant, by his failure to object to this evidence (on this ground), both at trial and on appeal, has waived his right to rely on this constitutional protection.

Our habeas statute contains a waiver standard which applies to waiver of federal constitutional rights: "Except for objections relating to the composition of a grand or traverse jury, *rights conferred or secured by the Constitution of the United States* shall not be deemed to have been waived unless it is shown that there was an intentional relinquishment or abandonment of a known right or privilege which relinquishment or abandonment was participated in by the party and was done voluntarily, knowingly, and intelligently." Code Ann. § 50-127 (1). (Emphasis supplied.)

However, I do not feel that we are bound to apply this standard because the question of when a right secured by the Federal Constitution has been waived, is itself, a federal question. Fay v. Noia, 372 U. S. 391, 439 (83 SC 822, 9 LE2d 837) (1963). The standard set forth by the legislature in the statute constitutes an attempt by the legislature to impose its construction of the requirements of the Constitution of the United States regarding waiver of constitutional rights on this court. This the legislature may not do. The duty and authority to interpret the provisions and requirements of the Federal Constitution resides in this court. Const. Art. VI, Sec. II, Par. IV (Code Ann. § 2-3704) (Rev. 1973).

The question of when a right secured by the Federal Constitution is waived often requires consideration of numerous, and sometimes conflicting, values. Decisions of the Supreme Court have made it clear that some rights are so fundamental that they require a personal waiver, made by the defendant voluntarily, knowingly and intelligently. These rights include: the right to counsel and the right to refrain from self-incrimination, Miranda v. Arizona, 284 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966); the right to appeal, Fay v. Noia, supra, at 439; the right to trial by jury, Patton v. United States, 281 U. S. 276, 312 (50 SC 253, 74 LE2d 854) (1930); and rights waived by guilty pleas, Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

The Supreme Court has made it equally clear, that it is not necessary to show a personal waiver in every case where a right existing under the Constitution is not asserted. Estelle v. Williams, 425 U. S. 501 (96 SC 1691, 48 LE2d 126) (1976); Davis v. United States, 411 U. S. 233 (93 SC 1577, 36 LE2d 216) (1973); Francis v. Henderson, 425 U. S. 536 (96 SC 1708, 48 LE2d 149) (1976).

This case involves a claim of denial of the right to confrontation based upon a violation of the Bruton rule. Bruton v. United States, supra. The question here is whether, by failure to make a timely objection to the introduction of this evidence, appellant has waived his right to confrontation. It is clear that if the right to confrontation, in the context of the Bruton rule, is of such a fundamental nature as to require the personal Johnson

v. Zerbst waiver, i. e., voluntarily knowingly and intelligently, then this record could not support a finding of waiver. Furthermore, the Supreme Court has indicated that a personal waiver is required in some circumstances where a defendant's right to confrontation is abridged. See Schneckloth v. Bustamonte, 412 U. S. 218, 237 (93 SC 2041, 36 LE2d 854) (1972); Barber v. Page, 390 U. S. 719 (88 SC 1318, 20 LE2d 255) (1967); Brookhart v. Janis, 384 U. S. 1 (86 SC 1245, 16 LE2d 314) (1965).

However, I believe that it is unnecessary to decide, in this case whether the right to confrontation in these circumstances must be personally waived by the defendant or may be waived by defendant's counsel as a matter of trial strategy. The record reveals that the introduction of the statement made by appellant's co-defendant was objected to on the ground that the statement was not made voluntarily. Thus, it is clear from this record that appellant's counsel did not wish to allow the statement in evidence; on the contrary, he attempted to have the statement excluded. This indicates that the failure to assert appellant's right to confrontation was inadvertent, and not a deliberate decision. I would not, in this case, decide under what circumstances, if any, the state's legitimate interest in requiring contemporaneous objection, when balanced against a violation of some right secured by the Constitution, would justify a finding of waiver where the failure to object was due to inadvertence. I do however, believe that the right to confrontation, as it arises in the context of a violation of the Bruton rule, is of sufficient importance to the integrity of the fact finding process that an inadvertent failure to assert the right by contemporaneous objection should not foreclose appellant from raising the claim on habeas corpus.

Because I agree that the error was not harmless, I think we must reverse the judgment of the habeas court and order that the appellant be given a new trial. Bruton v. United States, supra; Roberts v. Russell, supra.

GUNTER, Justice, concurring.

I agree with Division II of the court's opinion and the reversal of the judgment below. However, I do not agree with Division I of the court's opinion, and for that reason

I write this concurring opinion.

First, this record shows that there was more than adequate "probable cause" for the arrest, the search, and the seizure. Therefore, solely on the basis of the facts presented, there is no valid search and seizure claim in this case. The habeas judge's findings of fact asserted this conclusion.

Second, since the judgment below is reversed and a new trial ordered, a search and seizure claim, whether meritorious or not, can still be asserted under Georgia's suppression statute, Code Ann. § 27-313.

In this case I think the statutory motion to suppress was purposely abandoned because of its clear lack of any merit.

The evidence obtained and used by the state in this criminal trial was not the fruit of an illegal search and seizure. Therefore, treatment by the court of the issue of waiver of a federal constitutional right is superfluous and, in my view, somewhat gratuitous.

HALL, Justice, dissenting.

Like the Justices who join the per curiam opinion, I also pause at the flagrant Bruton violation presented by this record; but unlike them I am willing to consider the possibility that counsel had some intelligent reason not to invoke the Bruton rule. Accordingly, I cannot join that opinion, which looks at a record which is totally silent on the reasons for not invoking Bruton, and assumes that counsel did not intend a waiver.

The general rule is that a point is waived by failure to assert it. The Bruton objection to this evidence was never asserted at trial. In my reading of the authorities, I find it a hard task to decide whether a Bruton violation may be waived by counsel or only by defendant himself. Further assuming that counsel may waive it, the issue whether it must be waived by choice or may be waived merely by inadvertence is itself quite complex. In my view the per curiam assumes too much. Apparently, it assumes that this right may *not* be waived merely by counsel's inadvertence; then it assumes that in this case, though the record is silent, a quick reading of counsel's mind indicates that there was nothing there but blank

inadvertence; and it then concludes that no waiver has occurred. This treatment simply sweeps too many issues under the rug for me.

When a habeas record as it stands is insufficient to provide a basis for deciding the factual question of waiver vel non, an evidentiary hearing is usually held. See, e. g., *Bell v. Hopper,* 237 Ga. 810 (229 SE2d 658) (1976) (Jordan, J., writing for a unanimous court).

The point has greater impact than just this petitioner's fate, because I fear that the per curiam will invite counsel in the future to create records as silent and ambiguous as possible, to take advantage of the per curiam's suggestion that hereafter on a silent record containing a possible foul-up on counsel's part, we will presume that a constitutional violation occurred.