## 27989. MOORE v. THE STATE.

UNDERCOFLER, Justice. Charles Fredrick Moore was convicted of murder and sentenced to life imprisonment. He appeals from that judgment. *Held:*

1. The appellant gave two statements to the police officers. In one statement he denied any knowledge of the homicide. In the second statement he told the officers of the facts and circumstances surrounding the homicide and told them that he had committed it.

The appellant contends that the trial court erroneously allowed his second statement to be introduced in evidence because the statement was obtained by police officers after they had falsely told him that they had found the murder weapon. He contends that this conduct was a fraud on him and therefore his second statement was inadmissible in evidence.

The appellant relies on Code § 38-408 which provides: "Admissions obtained by constraint, or by fraud, or by drunkenness induced for the purpose, or admissions or propositions made with a view to a compromise, are not proper evidence." He contends that this Code section prohibits the introduction into evidence of his second statement which he asserts was fraudulently obtained. We do not agree. Code § 38-401 provides: "Admissions usually refer to civil cases; confessions to criminal." The Code section relied on by the appellant applies to civil cases and not to criminal cases. Green, Georgia

Law of Evidence, § 242, p. 530.

The appellant also argues that Code § 38-409 which provides that "acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission," would require him to respond to the false statement of the police officer that they had found the murder weapon. We do not agree with this contention since the false statement that the murder weapon had been found would not require an answer of the appellant.

Code § 38-411 provides: "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury."

In *Cornwall v. State,* 91 Ga. 277, 282 (18 SE 154) this court said that the means used to obtain admissions in the nature of a confession did not prevent them from being free and voluntary notwithstanding the fact that they might have been obtained by artifice, trick or deception. This ruling was followed in *Hudson v. State,* 153 Ga. 695 (3) (113 SE 519).

"The employment of any artifice, deception, or fraud to obtain a confession does not render it inadmissible, if the means employed are not calculated to procure an untrue statement. Accordingly, the fact that a confession was procured by the employment of falsehood by a police officer, detective, or other person does not alone exclude it, where not calculated to do other than elicit the truth . . ." 23 CJS 225, § 827.

It follows that there is no merit in this contention of the appellant.

2. The appellant contends that when his second statement was made he was not advised on his constitutional rights under Miranda v. Arizona, 384 U.S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974). The record shows that the appellant was fully advised of his constitutional rights before the statement was given to

police officers.

*Judgment affirmed. All the Justices concur, except Gunter and Jordan, JJ., who dissent.*

ARGUED JUNE 11, 1973 — DECIDED JULY 2, 1973 — REHEARING DENIED JULY 12, 1973.

*Martin & Kilpatrick, Frank K. Martin, Paul V. Kilpatrick, Jr.,* for appellant.

*R. Joneal Lee, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, B. Dean Grindle, Jr., Assistant Attorneys General,* for appellee.