## A89A0448. RAINES v. THE STATE.
(382 SE2d 738)

CARLEY, Chief Judge.

Appellant was tried before a jury and convicted of rape and simple battery. He appeals from the judgments of conviction and sentences that were entered on the jury's guilty verdicts.

1. As to the rape charge, the trial court's denial of appellant's motion for a directed verdict of acquittal is enumerated as error. The contention is that "there was no evidence that the sexual acts were induced by any acts of force or threats of force on the part of appellant."

The evidence, construed most strongly against appellant and in

favor of the guilty verdict, showed the following: The fourteen-year-old victim accepted appellant's offer of a ride home. However, appellant drove her to a secluded location and parked. There, she repeatedly rejected appellant's persistent requests for sex. She asked to be driven home or to be allowed to walk home. Appellant refused to drive her home or to allow her to leave the car unless she had sex with him. Finally realizing that appellant "wasn't going to take [her] home" and concluding that she had no other choice, the victim gave in to his sexual demands. Over appellant's objection, the victim was allowed to testify that she had not offered any physical resistance to appellant because she had been raped previously and had been counseled against such resistance. When appellant did return the victim to her home, she made an immediate outcry.

"The rape statute reads in pertinent part as follows: 'A person commits [the offense of] rape when he has carnal knowledge of a female, forcibly and against her will.' True consent to the act, of course, negates the element of force; but it is both entirely logical and legally certain that apparent 'consent' induced by fear is not the free consent required to prevent the act's constituting a crime, but is the mere product of force within the meaning of the statute. [Cit.] Intimidation may substitute for force. Whether the victim consented is a fact question." *Curtis v. State*, 236 Ga. 362 (1) (223 SE2d 721) (1976). "The present case does not show the degree of force frequently found in crimes of rape, or the violent threats often made. However, there was evidence of force [or intimidation], and the circumstances provided ample ground for fear on [the victim's] part. She repeatedly testified in regard to her fears. The jury apparently believed that it was the force exercised, and the fears which their actions produced in her mind, that caused her to yield to them, and that her consent was not of the kind to prevent the intercourse from constituting rape. The jury was authorized under the evidence to find [appellant] guilty of the crimes charged, and it was not error . . . to deny the motion for [directed verdict] of acquittal." *Pierce v. State*, 230 Ga. 766, 769 (1) (199 SE2d 235) (1973). See also *Barnes v. State*, 171 Ga. App. 478 (1) (320 SE2d 597) (1984); *J. B. v. State of Ga.*, 171 Ga. App. 373 (1) (319 SE2d 465) (1984); *Melson v. State*, 157 Ga. App. 268 (277 SE2d 284) (1981). After a review of the record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the failure to sustain his objection to the admission of the victim's testimony regarding her prior rape. As discussed in Division 1, this testimony was admitted to explain the victim's "state of mind" and why she had not physically resisted appellant.

Here, unlike *Kennard v. State*, 180 Ga. App. 522, 523 (3) (349 SE2d 470) (1986), the testimony related to the victim's *past* experiences and was relevant to explain her *contemporaneous* "state of mind" and conduct in failing to physically resist appellant. Appellant took the victim as he found her and if, as the result of her prior experiences, she was not predisposed to use physical force to fend off his unwanted sexual advances for fear of the possible consequences, appellant was not entitled to have that fact withheld from the jury. Likewise, the victim's testimony was not barred under OCGA § 24-2-3, the Rape Shield Statute. That provision precludes the introduction of evidence of the victim's past sexual behavior. Obviously, a prior rape committed against the victim has nothing whatsoever to do with *her* past sexual behavior. The trial court did not err in allowing the testimony into evidence.

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 1, 1989.

*Bentley C. Adams III*, for appellant.

*W. Fletcher Sams, District Attorney, J. David Fowler, Anne Cobb, Assistant District Attorneys*, for appellee.