A92A0168. BRYANT v. THE STATE.
(420 SE2d 801)

BIRDSONG, Presiding Judge.

Ralph Bryant appeals his conviction and sentence for statutory

rape and child molestation. Bryant contends he was denied effective assistance of trial defense counsel. He also contends the trial court erred by allowing the State to introduce evidence of his conviction of an independent offense because the conviction was 20 years old, the independent offense was not similar to the offense charged, and the State introduced only the certified record of the conviction. Bryant further contends the evidence is insufficient to support a conviction for child molestation, the offense of child molestation merged into the offense of statutory rape, the State impermissibly placed his character in issue, and the State misinformed the jury by stating that he had a prior conviction for statutory rape. *Held*:

1. We have considered Bryant's allegation that the evidence is insufficient to support his conviction for statutory rape (see OCGA § 16-6-3 (a)) and find his contention is without merit. (Although the enumeration asserts the evidence was insufficient as to child molestation, it is clear the error asserted was the failure of the evidence to corroborate the victim's testimony that Bryant was guilty of statutory rape.) "Corroborating identification evidence is not necessary in statutory rape prosecutions. The quantum of corroboration needed in a rape case is not that which is in itself sufficient to convict the accused, but only that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient corroboration, and ultimately the question of corroboration is one for the jury." (Citation and punctuation omitted.) *Byars v. State*, 198 Ga. App. 793 (403 SE2d 82). Considering the evidence presented, we are satisfied the evidence was sufficient to corroborate the victim's testimony.

Further, we have reviewed the evidence in the light most favorable to the jury's verdict, and we conclude that a rational trier of fact could have found Bryant guilty of the crimes of which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131).

2. Bryant asserts that as the crimes for which he was convicted arose from the same act, the trial court erred by not merging the two convictions for sentencing purposes. See *Andrews v. State*, 200 Ga. App. 47-48 (406 SE2d 801). Contrary to Bryant's allegation, however, the crimes for which he was convicted arose from two separate acts as a matter of fact. OCGA § 16-1-6 (1). Here, as Bryant was indicted for statutory rape and for molesting the victim by fondling her breasts, no elements of each offense are necessarily elements of the other. See *Horne v. State*, 192 Ga. App. 528, 533 (385 SE2d 704). Accordingly, there was no error for sentencing him for both offenses for which he was convicted.

3. In separate enumerations of error, Bryant contends the trial

court erred by admitting evidence of an earlier conviction for child molestation; by allowing the State to place Bryant's character in issue impermissibly, and by allowing the State to mislead the jury by stating that Bryant had a prior conviction for statutory rape when he had not. We have examined the transcript and find that in each instance Bryant's trial defense counsel either failed to object to the error he now asserts or failed to make a timely objection on the grounds his appellate counsel now asserts. While in most cases this would constitute waiver of these issues (see, e.g., *Ely v. State*, 192 Ga. App. 203, 205 (384 SE2d 268)), in this appeal Bryant alleges that his trial defense counsel was ineffective within the meaning of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674), because of the failure to object to the admission of this evidence.

The thrust of Bryant's allegations against his trial defense counsel is that she did not object to the introduction of inadmissible and prejudicial evidence as asserted in these separate enumerations of error. As these errors are interrelated with Bryant's allegation against his trial defense counsel, we will discuss these errors in the context of the ineffectiveness of counsel claim.

The record shows Bryant properly preserved this claim for appeal by filing an amended motion for new trial asserting the ineffectiveness of trial defense counsel and by requesting an evidentiary hearing on the issue. See *Dawson v. State*, 258 Ga. 380 (369 SE2d 897); *Washington v. State*, 193 Ga. App. 823 (389 SE2d 407). At this hearing, by reference to the record Bryant's appellate counsel identified instances in which he alleged his trial defense counsel was ineffective. The State, however, did not present evidence at the hearing explaining the trial defense counsel's actions, and, instead, replied to Bryant's arguments with post-hearing legal argument and an affidavit from an assistant prosecutor concerning only whether proper notice was given under Uniform Superior Court Rule 31.3.

Bryant first contends his counsel was ineffective because she did not object to similar transaction evidence concerning a 1970 conviction for child molestation without evidence other than the certified copy of the indictment and plea and because she did not object when the prosecutor told the jury that "State's exhibit Number 6 is a certified and exemplified copy of a previous indictment, sentence, and plea, that charges the defendant, Ralph Bryant, with the offense of statutory rape and child molestation. This occurred in 1970. The defendant was sentenced on this, and we would offer this as . . . evidence of a similar transaction. We would also offer it for the limited purpose of showing identity, course of conduct on the part of the defendant in this case, as well as motive."

Disregarding whether the trial defense counsel was also ineffective because her only objection to this evidence was that it was "al-

most 20 years old" (see, however, *Gilstrap v. State*, 261 Ga. 798, 799 (410 SE2d 423); *Williams v. State*, 261 Ga. 640, 641 (409 SE2d 649); *Stephens v. State*, 261 Ga. 467, 468-469 (405 SE2d 483)), the failure to object to the prosecutor's misrepresentation to the jury that Bryant was sentenced for both statutory rape and child molestation when he only pled guilty to and was sentenced for child molestation was unquestionably deficient. Further, the failure to object to the State proving the similar transaction with only the certified record of conviction was also deficient. See *Stephens v. State*, supra.

Bryant also contends his counsel was deficient because she failed to object to a series of improper inflammatory questions. The transcript shows the prosecutor asked Bryant the following questions on cross-examination: "You also, I believe, mentioned that you had been down to the sex crimes office. [The transcript shows that Bryant mentioned on direct examination that after his arrest for the offenses here at issue he was taken to the "rape office" at the police station.] You're familiar with the sex crimes office, aren't you?" . . . "You don't remember back in 1977 when you were [at the sex crimes unit]. "My question is: Back in 1977 weren't you in the sex crimes office?" . . . "And also in 1986 you were over there?" . . . "Okay. What about earlier in 1958 and 1960? Weren't you over there?" . . . "would it be fair to say that you've been over to the sex crimes office more than one time?" . . . "And you've been charged with this same type offense before and you knew better?" . . . "You're a child molester too? A. No. Q. Yes, you are." . . . "What about 1977?" . . . "You're a child molester. A. No, I'm an old fool. Q. When are you going to admit that you are a child molester?" . . . "You had sex with two girls under 13."

The only objection during Bryant's entire cross-examination followed this exchange: "Q. Again, I'll ask you about 1977? A. I don't know what you're talking about. You bring up the incident and I'll see — I was in Judge Alverson's court in '77. I know he don't remember me, but check the record. (Whereupon, the witness reviewed a document.) A. Oh, yeah. They threw that out. Q. Do you see what that says right there? A. Oh, yeah. That was supposed to have been changed there. Wait a minute on that. Let's get it straight now. This is wrong here. No, that's wrong there. I wasn't convicted of that. No, no, no. They changed that. They made a mistake there. I was convicted but not of that. Your'all's records are wrong there. Like I said, I'm just an old fool. Q. 1977, I ask you again — [Defense counsel]: Your Honor, I'm going to object. The question has been asked and answered already, and Mr. Wright is badgering the witness." The objection was denied, however, because the trial court ruled that the prosecutor was entitled to ask the question three times and he had not done so yet.

We find Bryant's trial defense counsel's failure to object to the questions about Bryant's alleged prior visits to the sex crimes unit and having sex with two girls under the age of 13, was deficient. These questions were not legitimate impeachment, were not relevant to any issue in the case, and improperly placed Bryant's character in issue. Although evidence that is relevant and material to an issue in a case is admissible, even if it incidentally puts the defendant's character in issue, introduction by the state of evidence whose sole relevance to the crime charged is that it tends to show that the defendant has bad character is forbidden. *Robinson v. State*, 192 Ga. App. 32, 33 (383 SE2d 593).

Although the State contends that these questions were authorized because Bryant testified on direct examination that he would not fondle a young lady (see *Butts v. State*, 193 Ga. App. 824, 825 (389 SE2d 395)), we find no rational connection between these questions and any contradiction of Bryant's testimony. Nothing in these questions concerned fondling a young lady or tended to establish through admissible evidence that Bryant fondled one, and nothing in Bryant's testimony on direct or cross-examination opened the door for questions concerning sex with 13-year-old girls. Therefore, defense counsel's failure to object to the question about sex with a 13-year-old was deficient as the State had not complied with Uniform Superior Court Rule 31.3. Further, whether Bryant visited the sex crimes unit in 1958, 1960, 1977, or 1986 was not relevant or material to any issue in this case. Indeed, the State has not argued that a visit to the sex crimes unit proves anything. Under these circumstances, these questions could only have been asked to suggest impermissibly to the jury that Bryant was guilty of the offense charged because of his bad character as shown by his visits to the sex crimes unit. Further, the State's argument on appeal that "any implications which may have been raised by the State's questions were clearly harmless in light of [Bryant's] acquittal of three of the five counts in the indictment," underscores Bryant's argument that the State's conduct was prejudicial because the jury convicted him only of the same type of charges that the State led them to believe he had been convicted of earlier.

The State's argument that giving the jury an exhibit showing the charge of statutory rape against Bryant was "nolle prossed" may have been beneficial to Bryant because it showed that not all indicted charges result in convictions, lacks even surface persuasiveness. Indeed, the argument assumes that a typical juror would know what nolle prossed means, and assumes that it would be beneficial for the jury to be aware that Bryant was earlier charged with statutory rape. Such an argument, in effect, concedes there was no valid basis for putting this information before the jury.

Additionally, as these questions were not legitimate impeach-

ment, the defense counsel's failure to object to the State's effort to show that Bryant committed similar transactions in 1958, 1960, 1977, and 1986 without first complying with Uniform Superior Court Rule 31.3 was also deficient. See *Williams v. State*, supra.

To prevail on his claim of ineffectiveness of counsel, Bryant must establish not only that his trial defense counsel's performance was deficient but that this deficient performance prejudiced his defense. *Brown v. State*, 257 Ga. 277, 278 (357 SE2d 590). Ultimately Bryant must show there was a reasonable probability the result of his trial would have been different, but for his defense counsel's unprofessional deficiencies (*Baggett v. State*, 257 Ga. 735 (363 SE2d 257)), and he must overcome the strong presumption that the representation was effective. *Clarington v. State*, 178 Ga. App. 663, 667 (344 SE2d 485). Further, we must measure the trial defense counsel's performance under the circumstances existing at trial and not with the benefit of hindsight. *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362).

Considered in this manner, we find that the performance of defense counsel was deficient. We are unable to perceive any legitimate trial strategy which counsel could have been pursuing as to these matters. Although judgmental and tactical errors do not always equate ineffective assistance of counsel (*Clarington*, supra), the deficiencies in this appeal are more than that. This is not merely an instance in which another trial defense counsel might have pursued a different strategy or tactic. Compare *Cauley v. State*, 203 Ga. App. 299, 301 (416 SE2d 575); *Heard v. State*, 177 Ga. App. 802, 804 (341 SE2d 459). Additionally, counsel's failure to object not only allowed this prejudicial information to come before the jury, but ordinarily would prevent consideration of these issues on appeal.

Therefore, considering the totality of the trial (*Clarington*, supra), we are satisfied as a matter of law that Bryant has met his burden under *Strickland v. Washington*, supra, of showing that his counsel's performance was deficient and that this deficient performance prejudiced his defense. In this regard, "evidence of an independent offense or act committed by the accused is highly and inherently prejudicial, raising, as it does, an inference that an accused who acted in a certain manner on one occasion is likely to have acted in the same or in a similar manner on another occasion and thereby putting the accused's character in issue. An accused is entitled to be tried for the offense charged in the indictment, independently of any other offense not connected with the transaction upon which the indictment was based." (Citation and punctuation omitted.) *Williams v. State*, supra at 641-642.

Accordingly, we find the trial court's implicit finding that the performance of Bryant's attorney was not deficient is clearly errone-

ous, and, therefore, we find that the trial court erred by denying Bryant's amended motion for a new trial.

*Judgment reversed. Beasley and Andrews, JJ., concur.*

DECIDED JULY 9, 1992.

*Megan C. DeVorsey,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carl P. Greenberg, Assistant District Attorneys,* for appellee.