A93A0272. LEMACKS v. THE STATE.
(427 SE2d 536)

McMURRAY, Presiding Judge.

Defendant Lemacks appeals his conviction of two counts of the offense of statutory rape and two counts of the offense of child molestation. *Held*:

A physician who examined the two victims testified that she found evidence of repeated penetration of the vaginal area of one of the victims, and that there was evidence of repeated penetration of both the vagina and anus of the second victim. As to both victims, the physician testified that the penetrations could have occurred anytime between the child's birth and one week prior to her examination.

Defendant attempted to introduce evidence concerning prior alleged molestations of the victims. The offer of proof could be viewed by a trier of fact as showing that the victims and their brother had been molested in 1987 and 1988 by two men. In connection with this incident, which occurred in North Carolina, the mother had taken the children to a doctor in that state and filed an incident report with authorities. This evidence was not admitted after the trial court granted the State's motion in limine predicated on the rape shield statute, OCGA § 24-2-3.

Defendant contends that the trial court erred in holding that OCGA § 24-2-3 prohibited the introduction of the evidence as to the North Carolina molestations to show that someone other than defendant caused the injuries to the two victims and to attack their credibility. OCGA § 24-2-3 (b) excludes "evidence relating to the past sexual behavior of the complaining witness. . . ." Contrary to the State's argument, "behavior" is not synonymous with "experience." The intent of the statute is to exclude evidence which might reflect on the character of the witness without contributing materially to the issue of the guilt or innocence of the accused. *Martin v. State*, 196 Ga. App. 145, 147 (3) (395 SE2d 391); *Parks v. State*, 147 Ga. App. 617 (249 SE2d 672). Compare *Worth v. State*, 183 Ga. App. 68, 72 (4) (358 SE2d 251). In *Raines v. State*, 191 Ga. App. 743, 745 (2) (382 SE2d 738), this court recognized that a "prior rape committed against the victim has nothing whatsoever to do with *her* past sexual behavior." It is no reflection on character that one has been an unwilling victim of prior crimes. The evidence excluded in the case sub judice cannot be distinguished from that held to be admissible in *Raines* since both show a prior forcible sexual offense against the victims. The evidence excluded in the case sub judice is relevant to the determination of the guilt or innocence of the defendant and is not subject to the provisions of OCGA § 24-2-3. Therefore, the trial court erred in excluding the proffered evidence. Defendant's remaining enumerations of error need not be addressed as they are unlikely to recur on the retrial of the case.

*Judgment reversed. Beasley and Cooper, JJ., concur.*

DECIDED JANUARY 22, 1993.

*Hine, Carroll & Niedrach, John F. McClellan, Jr.*, for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Leigh E. Patterson, Assistant District Attorneys*, for appellee.