A93A1053. BERRY v. THE STATE.
(437 SE2d 630)

McMurray, Presiding Judge.

Defendant Berry appeals his conviction of statutory rape. *Held*:

1. The first enumeration of error complains of the grant of the State's motion in limine preventing defendant from introducing evidence of sexual intercourse between the victim in the case sub judice and other individuals. A medical report was redacted to remove a statement by the victim that she had sex with other persons. Defendant argued that, since any acts of sexual intercourse with the victim were statutory rape due to her age, the entire report should have been admitted under the reasoning of such cases as *Lemacks v. State*, 207 Ga. App. 160 (427 SE2d 536) and *Raines v. State*, 191 Ga. App. 743, 745 (2) (382 SE2d 738). In *Raines*, we noted that OCGA § 24-2-3 precludes introduction of the victim's past sexual behavior and stated that "a prior rape committed against the victim has nothing whatsoever to do with *her* past sexual behavior." Id. at 745 (2). In the light of defendant's argument, it is apparent that this statement must be qualified as relating only to forcible rape. In the absence of any indication that the prior acts of sexual intercourse with the victim in this case were forcibly accomplished, the evidence as to sexual intercourse with others *would* relate to past sexual behavior and reflect upon the character of the victim. Such evidence was properly excluded under OCGA § 24-2-3 (b).

Defendant also argues that the trial court erred in refusing to allow his attorney to question the victim outside the presence of the jury in order to develop evidence in regard to whether she had made prior false accusations of statutory rape. Evidence of prior false allegations by a victim may be admitted to attack her credibility, but first the trial court must make a threshold determination outside the presence of the jury that a reasonable probability of falsity exists. *Smith v. State*, 259 Ga. 135, 137 (1) (377 SE2d 158); *Humphrey v. State*, 207 Ga. App. 472, 475 (2) (428 SE2d 362). "The purpose of the hearing is to allow the defendant to present evidence of prior false

accusations, not to provide an opportunity for discovery and investigation which the defense hopes might lead to such evidence." *Postell v. State*, 200 Ga. App. 208, 212 (4a) (407 SE2d 412), rev'd on other grounds, 261 Ga. 842 (412 SE2d 831). In view of defense counsel's acknowledgment at trial that he could not prove that the victim had made any prior false accusations, there was no error in the trial court's refusal to conduct such a hearing upon the request of defense counsel. *Postell v. State*, 261 Ga. 842, 843 (2), supra.

2. Defendant's second enumeration of error maintains that his custodial statement to police should not have been admitted into evidence because he was lied to and deceived into making an incriminating statement. Confessions are admissible though obtained by artifice, trick, or deception, so long as the means employed to procure them are not calculated to elicit an untrue statement. *Moore v. State*, 230 Ga. 839, 840 (1) (199 SE2d 243); *Shelton v. State*, 196 Ga. App. 163, 164 (3) (395 SE2d 618); *Tyson v. State*, 165 Ga. App. 22 (299 SE2d 69). That a confession is obtained by such means does not preclude a finding that the confession was freely and voluntarily given. *Moore v. State*, 230 Ga. 839, 840 (1), supra; *McLeod v. State*, 170 Ga. App. 415 (1), 416 (317 SE2d 253). Under the circumstances in the case sub judice, the trial court did not err in admitting defendant's statement.

3. Defendant also enumerates as error the trial court's denial of defendant's motion in limine seeking to redact, from the custodial statement, defendant's reference to a prior accusation of statutory rape which did not result in his conviction. Furthermore, defendant complains of the denial of a motion for mistrial based on a reference to that portion of defendant's statement during the State's argument to the jury.

The State's reliance upon *Mathis v. State*, 172 Ga. App. 314 (1) (323 SE2d 227) and *Bradford v. State*, 166 Ga. App. 584, 585 (4) (305 SE2d 32) is misplaced since this defendant did not admit his commission of or his conviction for any separate offense. The introduction of any evidence relating to the independent offense or act was subject to the procedure set forth in Uniform Superior Court Rule 31.3 (b) and to the three-prong test stated in *Williams v. State*, 261 Ga. 640, 642 (2b) (409 SE2d 649). As there was no attempt to comply with this procedure in connection with this evidence, and also no evidence presented which would satisfy any portion of the three-prong test, defendant's motion to redact the portion of his statement referring to accusations that he had committed a prior offense of statutory rape should have been granted.

In order to determine whether this error was harmful, we must examine the evidence presented at trial. The victim, who was 13 years of age on the trial date, testified that she had sexual intercourse with defendant and this testimony was corroborated by evidence as to her

statements to her mother and to police. Defendant admitted to police that he had sexual intercourse with the victim.

The defense consisted of evidence from four witnesses. A restaurant employee heard the victim's mother stating in reference to defendant that: "They finally got that son-of-a-bitch." A nurse who had examined the victim testified as to the victim's statement to her concerning the last time she had sex with defendant, which date was inconsistent with the State's evidence as to when the alleged act of sexual intercourse occurred. The defendant's sister testified as to the victim attempting to help defendant by making a tape recording of a telephone conversation in which the victim said she did not have sex with defendant. The defendant's father testified that he had told police that he did not believe his son and the victim had sex together.

We find that the evidence of defendant's guilt is overwhelming in that there is no reasonable probability that the verdict of the jury would have been different in the absence of this error. *Hite v. State*, 208 Ga. App. 267, 270 (430 SE2d 125). Under these circumstances, the reversal of defendant's conviction due to the failure to redact defendant's statement is not mandated. *Gilbert v. State*, 208 Ga. App. 258, 263 (3) (430 SE2d 391); *Bailey v. State*, 207 Ga. App. 283, 284 (427 SE2d 612); *Wheat v. State*, 205 Ga. App. 388, 389 (2) (422 SE2d 559).

Nor does the reference to this portion of defendant's statement during the State's argument require reversal. While the question of whether to redact defendant's statement related to the improper introduction of evidence of defendant's character, the reference to the statement in the State's argument was only in connection with defendant's familiarity in dealing with police, that is, as showing defendant's "street smarts," and no suggestion was made that defendant had committed any separate crime. This brief reference, if error, was harmless for the same reasons as the failure to redact.

4. The fourth enumeration of error complains of the denial of a motion for mistrial predicated on a question asked of the victim on direct examination but never answered as the prosecuting attorney withdrew the question following defendant's objection thereto. While defendant's argument presumes that the three words uttered by the witness before she was interrupted constitute an answer, we do not agree as they cannot be reasonably understood to constitute a coherent response to the question asked. Therefore, even if the question were improper, there was no harm in the asking of the question since an unanswered question does not furnish grounds for a mistrial. *Baker v. State*, 193 Ga. App. 498, 501 (5) (388 SE2d 402); *Middlebrooks v. State*, 169 Ga. App. 507, 509 (2) (313 SE2d 764).

5. Defendant's fifth enumeration of error complains of the trial court's denial of his motion for mistrial based upon the State's argument to the jury. The prosecutor argued to the jury that while the

defendant had attempted to portray the victim as sexually promiscuous such had not been established by the evidence. Defense counsel objected and moved for a mistrial arguing that it was unfair to use the rape shield statute in such a fashion as he had been prohibited from presenting such evidence. The trial court sustained the objection and denied the motion for mistrial. Defendant subsequently renewed his motion for mistrial.

The trial judge in passing upon a motion for mistrial on account of alleged improper argument is vested with a broad and sound discretion, and his ruling will not be controlled by this court unless manifestly abused. *Johnson v. State*, 208 Ga. App. 747, 750 (4) (431 SE2d 737); *Dix v. State*, 206 Ga. App. 429, 430 (1) (425 SE2d 419). In the case sub judice, we find no such manifest abuse in the trial court's conclusion that sustaining defendant's objection to the argument was a sufficient remedy. The fairness of the trial was unlikely to be affected by the argument at issue since, as noted by the trial judge, the sexual history of the victim was not relevant to any issue in a prosecution for statutory rape.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 26, 1993 —
RECONSIDERATION DENIED NOVEMBER 8, 1993 ▉▉▉▉▉▉▉▉▉

*Summer & Summer, Daniel A. Summer,* for appellant.
*C. Andrew Fuller, District Attorney, William M. Brownell, Jr., Assistant District Attorney,* for appellee.