## A93A1180. BAKER v. THE STATE.
(439 SE2d 668)

COOPER, Judge.

Appellant was convicted of child molestation (five counts), aggravated child molestation (two counts) and statutory rape (one count). The offenses occurred against two victims, both of whom were twelve years old. Appellant appeals from the entry of judgment on the verdict.

Construed in a light to support the verdict, the evidence adduced at trial reveals that appellant had been a boarder in the home of Judy Long, the mother of T. A. L., one of the victims. T. A. L. confided in her mother that she was uncomfortable with appellant living in the home, and Mrs. Long subsequently learned of various instances of alleged sexual abuse involving appellant and her daughter. During an interview at the sheriff's department, T. A. L. revealed that over the course of a year, appellant performed a series of acts which began with appellant touching her breasts and her vagina, progressed to the touching of her vagina with appellant's mouth and eventually led to intercourse. A physician who examined T. A. L. testified that he observed a recently healed tear in T. A. L.'s vaginal area and concluded, based on his examination and T. A. L.'s account of the course of events, that there was "probable sexual abuse." The sheriff's department also interviewed D. S. H., a friend of T. A. L.'s, and learned that when D. S. H. was on an overnight visit with T. A. L., appellant entered the room where the girls were sleeping and performed similar acts on D. S. H., including fondling her breasts with his hands, touching her vagina with his hands and mouth and getting on top of her and placing his penis between her legs. Both victims testified at trial regarding the various alleged acts.

Following his arrest, appellant confessed to committing the sexual acts with the two victims. However, appellant testified at trial and denied committing any of the acts of which he was accused and stated that he confessed to two of the charges out of fear of receiving a life sentence and with the thought that if he confessed and entered a negotiated plea that he would fare better than going to trial. Appellant received eight consecutive sentences totaling 180 years.

1. In his first enumeration of error, appellant contends the trial court erred in sentencing appellant to consecutive sentences. Relying on OCGA § 16-1-6, appellant argues that several of the offenses should merge since, as to each victim, the alleged acts occurred on one specific occasion. However, "the crimes for which he was convicted arose from . . . separate acts as a matter of fact. OCGA § 16-1-6 (1). . . . [N]o elements of each offense are necessarily elements of the other. [Cit.]" *Bryant v. State*, 204 Ga. App. 856, 857 (2) (420 SE2d 801) (1992). With regard to T. A. L., appellant was convicted of two

counts of child molestation based on his oral manipulation of her breasts and fondling the vagina, one count of aggravated child molestation by oral sodomy and statutory rape based on sexual intercourse with a female under fourteen years of age. As to D. S. H., appellant was convicted of three counts of child molestation based on his fondling of her breasts and vagina and genital placement on the victim and one count of aggravated child molestation by oral sodomy. Accordingly, the trial court did not err in entering separate sentences for each offense. *Bryant*, supra; *Harris v. State*, 198 Ga. App. 503, 506 (10) (402 SE2d 62) (1991), reversed on other grounds, 261 Ga. 386 (405 SE2d 482) (1991).

2. Appellant also enumerates as error the admission of his confession, contending that it was not voluntarily given because it was induced by fear, occurring during a lengthy post-arrest interview in which the deputy threatened him with a life sentence. See OCGA § 24-3-50. The trial court held a *Jackson-Denno* hearing during which the sheriff's deputy who interviewed appellant following his arrest testified that before appellant confessed, he was fully advised of his *Miranda* rights. The deputy further testified that the life sentence was merely mentioned in a larger discussion of the plea bargaining process, initiated by appellant, during which the deputy also stated that she had no way of knowing what negotiated plea the trial judge ultimately might accept. Following this discussion, appellant paused for a few minutes, then declared that he wanted to plead guilty and proceeded to confess to the acts as alleged by the victims. Testifying in his own behalf, appellant stated that in the discussion of the plea bargaining process, the deputy told him that she and the judge were good friends; that she would make sure he got a life sentence and that the only way he might get a lighter sentence was to tell her what really happened. The trial court found that appellant was fully advised of his *Miranda* rights, that he knowingly and voluntarily waived them and that he was not threatened or promised anything to waive his rights. Although the deputy may have been in error in her belief that a life sentence might be imposed upon conviction of the offenses with which appellant was charged, we conclude based upon our review of the entire record that such error did not render the confession inadmissible. " 'Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. [Cits.]' [Cit.]" *Hunter v. State*, 204 Ga. App. 25, 26-27 (4) (418 SE2d 402) (1992). Since the trial court weighed the credibility of witnesses and apparently believed the deputy's testimony, we cannot say that the court's finding was clearly erroneous. *Hayes v. State*, 203 Ga. App. 143, 145 (4) (416 SE2d 347) (1992).

3. Appellant contends the court erred in allowing witnesses to

testify regarding out-of-court statements made by the victims without sufficient indicia of reliability.

"The trial court has broad discretion in the admission of evidence . . . , and may duly admit evidence subject to an adequate foundation for admissibility being subsequently established by the proponent. 'The object of all legal investigation is the discovery of truth,' (OCGA § 24-1-2) and as long as sufficient evidence of indicia of reliability appears in the record either before or after the introduction of the child's out-of-court statements, the fair trial rights of the defendant are adequately protected. Thus, if the record contains sufficient evidence of 'indicia of reliability,' we would not reverse the correct ruling of the trial court regardless of the reason given. . . . [Cit.]" *Gregg v. State*, 201 Ga. App. 238, 240 (3a) (411 SE2d 65) (1991). In *Gregg*, we set forth several factors which may be considered to determine "the existence or absence of the requisite degree of trustworthiness" in a child's statement. Id. at 240 (3b). Examination of the trial transcript in light of those factors establishes a showing of sufficient indicia of reliability as to the victims' out-of-court statements which were testified to at trial in accordance with OCGA § 24-3-16. Moreover, the record also shows that the victims were "present at trial, testified as . . . court witness[es], and [were] subject to examination and cross-examination by appellant and the State. Thus, appellant had every conceivable opportunity to examine and cross-examine the child[ren] in the presence of the jury, regarding the child[ren]'s memor[ies] of and the circumstances surrounding [their] making of each of the out-of-court statements in question, and had the opportunity to allow the jury to judge the child[ren]'s demeanor[s] in response to any examination or cross-examination about the alleged making and veracity of these previous statements. This procedure provided an additional safeguard to appellant's right of fair trial, and provided appellant full opportunity for confrontation." Id. at 241 (3c). Therefore, the court did not err in admitting the testimony.

4. Appellant enumerates as error the court's exclusion of certain evidence regarding T. A. L.'s prior sexual behavior. The evidence consists of the deputy's testimony regarding a statement made by appellant about a sexual encounter between T. A. L. and a boy named "Bo" and references in a letter written by Judy Long to her inability to trust T. A. L. alone with boys. The trial court excluded the deputy's testimony as hearsay and held that none of the various exceptions to the rule permitted admission of the statement. The letter was excluded as an improper reference to the victim's sexual history. As a general rule, in child molestation cases, "evidence as to the victim's reputation for nonchastity is not admissible. [Cit.]" *Vargas v. State*, 184 Ga. App. 650 (1) (362 SE2d 461) (1987). OCGA § 24-2-3 similarly excludes such evidence in rape cases. "The intent of the statute is to

exclude evidence which might reflect on the character of the witness without contributing materially to the issue of the guilt or innocence of the accused. [Cits.]" *Lemacks v. State*, 207 Ga. App. 160, 161 (427 SE2d 536) (1993). Appellant contends that *Lemacks* supports the admission of the evidence. However, in *Lemacks*, this court determined that evidence of the victim's prior sexual molestation was not merely evidence of the victim's character but was relevant to a determination of the guilt or innocence of the defendant; thus, the evidence was improperly excluded at trial. On the other hand, in the instant case, the evidence excluded by the trial court relates purely to the victim's past sexual behavior and character, not appellant's guilt or innocence. Therefore, it was properly excluded.

5. Finally, appellant raises the general grounds. Examination of the evidence demonstrates that a rational trier of fact could have found appellant guilty of the offenses with which he was charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley, P. J., and Smith, J., concur specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur but am troubled, in connection with Division 2, about the misinformation given by the officer which apparently contributed to the defendant's decision to make a confession. There is no evidence that the officer knew the information was erroneous. In fact, the officer did not know at that time what charges would be placed against defendant. Apparently she was merely guessing about the possible sentence defendant might face. Whether deliberate or not, however, the focus is on its effect on defendant's confession. Did it render it involuntary?

The law answers in the negative. In *Moore v. State*, 230 Ga. 839 (199 SE2d 243) (1973), the police officers interrogating the defendant falsely told him that they had recovered the murder weapon. The defendant contended that his confession was inadmissible as it was made in response to the officers' fraudulent statement. The Court held that " '[t]he employment of any artifice, deception, or fraud to obtain a confession does not render it inadmissible, if the means employed are not calculated to procure an untrue statement. Accordingly, the fact that a confession was procured by the employment of falsehood by a police officer, detective, or other person does not alone exclude it, where not calculated to do other than elicit the truth . . . .' [Cit.]" Id. at 840. This holding was affirmed in subsequent cases, including *Jacobs v. State*, 133 Ga. App. 812 (212 SE2d 468) (1975), and *McLeod v. State*, 170 Ga. App. 415 (317 SE2d 253) (1984).

The trial court was thus authorized to conclude that the belief

that a life sentence could be imposed on defendant for his deeds did not constitute either the "hope of benefit" or the "fear of injury" to be derived from confessing which renders a confession involuntary. OCGA § 24-3-50.

Compare *Napue v. Illinois*, 360 U. S. 264 (79 SC 1173, 3 LE2d 1217) (1959), which held that it was a denial of due process for the state knowingly to allow the jury to consider false testimony, without correction, as a basis for finding guilt.

I am authorized to state that Judge Smith joins in this special concurrence.

DECIDED NOVEMBER 19, 1993 —
RECONSIDERATION DISMISSED DECEMBER 20, 1993.

*Watson & Bott, Albert L. Watson III*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Mary Jane P. Melton, Assistant District Attorney*, for appellee.