A94A0122. VEST v. THE STATE.
(440 SE2d 765)

JOHNSON, Judge.

Jack Vest appeals from his convictions of two counts of aggravated child molestation and one count of child molestation.

1. Vest contends that the State failed to prove that two of the offenses occurred in Whitfield County, where he was tried, and therefore venue was not established beyond a reasonable doubt. Vest's ten-year-old stepdaughter told her fourth-grade teacher that she had been sexually abused. The teacher immediately related the information to the principal of the elementary school she attended in Whitfield County, who arranged for a representative of the Whitfield County Department of Family & Children Services and the sheriff's department to come to the school to talk to the child. The child related events which she said had occurred the previous afternoon. While her mother went to the store to buy grass seed, her stepfather told her to sit in a chair in the kitchen and perform oral sodomy on him while he watched for his wife out the window. Vest does not dispute the propriety of venue in Whitfield County with respect to that offense. The victim also described an incident which had occurred the previous

year when Vest had come into her room while she was asleep, pulled down her pajamas and performed sodomy on her. Another event, which had also occurred while she was in the third grade, occurred when Vest drove her to cheerleading practice at the school. Rather than taking the usual route, he indicated that he knew of a short cut. They stopped in a wooded area at the end of a road where Vest ordered the girl to perform sodomy on him. She also testified that sometimes her mouth would become too sore to continue and that Vest would then have her rub his penis "up and down" with her hands.

The sheriff testified that all of these events took place in Whitfield County. The victim, however, in response to the question: "Wasn't there a conversation about two months before this [event in the kitchen] about Jack not being your father?" replied, "Yes sir, we was moving out of Chatsworth and she mentioned — and she asked me if — if I knew that Jack wasn't my real father. . . ." Chatsworth is not in Whitfield County. While testifying for the defense, the girl's mother stated that they lived in Whitfield County for almost two years. Vest testified that he had lived at his present address for about a year and a half.

"When the evidence as to venue is conflicting, the State must prove venue as a jurisdictional fact beyond a reasonable doubt." (Citations and punctuation omitted.) *Loyd v. State*, 202 Ga. App. 1, 3 (2) (413 SE2d 222) (1991). The evidence presented was sufficient to permit the jury to find beyond a reasonable doubt that venue of all the charges brought against Vest was in Whitfield County. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Vest's assertion that the trial court erred in refusing to give his proffered charge regarding merger of offenses is without merit. "A person commits the offense of child molestation when he does any immoral or indecent act to or in the presence of or with any child under the age of 14 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). "A person commits the offense of aggravated child molestation when he commits an offense of child molestation which act physically injures the child *or involves an act of sodomy*." (Emphasis supplied.) OCGA § 16-6-4 (c).

Vest was indicted for child molestation based on manual masturbation which he instructed his stepdaughter to perform on him. The charges of aggravated child molestation resulted from distinct events, one in which the child performed oral sodomy on Vest and on another occasion, his having placed his mouth on the child's vagina. "An act of sodomy against a child is aggravated sodomy. [Cit.] Child molestation and aggravated sodomy are legally distinct, and when, as here, the indictment for each offense is based on separate and distinct acts,

the offenses do not merge. [Cit.]" *Howard v. State*, 200 Ga. App. 188, 191 (5) (407 SE2d 769) (1991). See also *Pressley v. State*, 197 Ga. App. 270 (1) (398 SE2d 268) (1990). The trial court did not err in refusing to charge on merger of the two, separate offenses.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 8, 1994.

*Little & Adams, Sam F. Little*, for appellant.
*Jack O. Partain III, District Attorney, Robert B. Richbourg, Assistant District Attorney*, for appellee.