## A96A0473. HEARD v. THE STATE.
### (471 SE2d 22)

SMITH, Judge.

Kevin Heard was found guilty by a jury of two counts of aggravated child molestation and two counts of child molestation. He was sentenced as a recidivist, and he appeals following the denial of his motion for new trial.

Construed to support the jury's verdict, the evidence at trial showed that the seven-year-old victim, the daughter of Heard's former girl friend, told her eleven-year-old cousin that Heard had been making her rub his genitals, and that "white stuff came out." The victim told her cousin that Heard warned her not to tell anyone or he would kill her mother and her brother. The cousin told her father and

her school counselor.

Investigator Stephanie Hill of the Rome Police Department conducted a videotaped interview with the victim after receiving a referral from the Floyd County DFACS. Anatomically correct dolls were used during the interview, and the victim described several instances of oral sodomy and masturbation performed by Heard.

1. Heard enumerates the general grounds, arguing that no physical evidence of molestation existed, that the child's statements in the interview were not spontaneous, that inconsistencies were apparent in the child's statement, and that motive existed for the child and her mother to accuse him falsely. We do not agree that the child's statements during the interview conducted by Hill were not spontaneous. See Division 2, infra. Hill had never met the victim before the interview and did not suggest answers to questions. Several of the points raised by Heard do have some merit: Minor inconsistencies existed in the child's testimony regarding the dates of the incidents; the child was not examined by a physician because no instances of penetration were alleged; and the evidence suggested that Heard's ending a relationship with the victim's mother might have been a possible motive for the accusations. These contentions go to the weight to be given the evidence, however, and not to its sufficiency to support the jury's verdict. We find the evidence presented sufficient to authorize the jury to find Heard guilty of the charged crimes under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Heard objected at trial on several grounds to admission of the videotaped interview with the victim. On appeal, he contends the trial court erred in admitting the tape into evidence because it lacked sufficient indicia of reliability as required by OCGA § 24-3-16, and in denying his motion for new trial on this ground. We do not agree.

Relying upon *Rolader v. State*, 202 Ga. App. 134, 140 (413 SE2d 752) (1991), Heard complains that the victim's statements were inadmissible. He maintains that here, as in *Rolader*, the interviews were conducted by a law enforcement officer for the purpose of gathering evidence for use in this criminal proceeding. According to Heard, this fact, when coupled with the minor inconsistencies in the child's statements, the lack of spontaneity, and the lack of physical evidence, makes the statement inherently unreliable. Heard misconstrues the holding in *Rolader*, which was based upon its specific facts.

The factors considered in determining whether sufficient indicia of reliability exist include: (1) the conditions under which the statement was made; (2) the statement's spontaneity; (3) the age of the child; (4) the child's demeanor; (5) the child's physical and mental condition; (6) the presence or absence of any threats or promises of benefit; (7) any involvement of drugs or alcohol; (8) the child's gen-

eral credibility; (9) the presence or absence of any coaching by parents or others either before or during the giving of the statement; and (10) the consistency between repeated out-of-court statements. *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991).

In *Rolader*, the victim was a four-year-old child who was subjected to many interviews and preparation sessions over a period of several months to ready her for trial. The sessions and interviews were with law enforcement officers and a therapist who was "assisting" the officers. Id. at 136-138, 141 (1). Inconsistencies between the child's out-of-court statements were both substantial and material, and the child accused two other men of molesting her, undermining her credibility. Id. at 138. This court found in *Rolader* that under the totality of the circumstances present in that case, the child's out-of-court statement did not display the "'particularized guarantees of trustworthiness' as would obviate the appellant's Confrontation Clause objection." Id. at 141 (1).

In contrast, the record here shows that the victim was older, that she was not interviewed by any other law enforcement officers prior to giving the taped statement, and that no evidence of coaching by parents or others was present; the only people present during the interview were the victim and Hill. The minor inconsistencies in the victim's statement were not substantive in nature, and her general credibility was not called into question. We conclude that many of the factors to be considered indicated reliability.

Moreover, the victim was present in court and testified. Heard had the opportunity to cross-examine her regarding her allegations, providing him with an additional safeguard to his right to a fair trial. See *Baker v. State*, 211 Ga. App. 515, 517 (3) (439 SE2d 668) (1993); *Gregg*, supra, 201 Ga. App. at 241 (3) (c). The trial court did not err in admitting this evidence or in denying Heard's motion for new trial on this ground.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED APRIL 17, 1996.

*Smith, Price & Wright, Sidney P. Wright*, for appellant.
*Stephen F. Lanier, District Attorney*, for appellee.