A99A0858, A99A0937. GRAHAM v. THE STATE (two cases).
(521 SE2d 249)

ELDRIDGE, Judge.

Appellants Ellen Diane Graham and Steven Alton Graham each challenge their convictions on three counts of aggravated child molestation[1] and nine counts of child molestation,[2] which convictions fol-

---

[1] "A person commits the offense of aggravated child molestation when such person com-

lowed a January 1998 jury trial. We affirm.

"On appeal[,] the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cits.]" *Grant v. State*, 195 Ga. App. 463, 464 (393 SE2d 737) (1990); see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Kapua v. State*, 228 Ga. App. 193, 195 (491 SE2d 387) (1997). Viewed in such light, the evidence showed that, on a single, undetermined date in February 1997, both appellants participated in a series of sexual acts in front of and including their seven-year-old son and nine-year-old daughter.[3] Both children and both appellants testified at the trial, in addition to other witnesses. Statements that each of the four family members gave to police on May 5 and 6, 1997, were also admitted at trial; the investigating police officer also testified regarding the statements. The jury convicted both appellants of all 12 counts. The trial court denied both appellants' motions for new trial. Because the appellants' convictions arose out of the same trial, we have consolidated their appeals for the purposes of this opinion.

*Case No. A99A0858*

1. In her first enumeration of error, appellant Ellen Diane Graham contends that the trial court erred in refusing to allow evidence of violent acts and threats by co-defendant Steven Graham, her ex-husband, toward her and the children prior to the date of the child molestation. At trial, when Ms. Graham notified the trial court of her intention to present a defense based on prior domestic violence, the trial court expressly limited Ms. Graham to presenting evidence of "time relevant" acts, i.e., those which occurred on the day of the molestation. At trial, Ms. Graham did not deny that the molesting acts actually occurred, but asserted that her acts *against the children* were "justified" because she previously had been beaten and threatened *by Mr. Graham*. On appeal, she claims that she should have been allowed to assert a justification defense at trial in the form

---

mits an offense of child molestation which act physically injures the child or involves an act of sodomy." OCGA § 16-6-4 (c).

[2] "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a).

[3] After reviewing the entire record of both cases, this Court has determined that a full recitation of the sexually explicit facts would add nothing to the determination of the issues on appeal.

of a battered person defense,[4] and that the trial court's refusal to allow this defense was reversible error. We disagree.

(a) Under OCGA § 16-3-20, a defendant is entitled to raise a justification defense for, inter alia, acts of self-defense, defense of property, entrapment, coercion, and in "all other instances which stand upon the same footing of reason and justice as those enumerated in this article." OCGA § 16-3-20 (6). See also OCGA §§ 16-3-21; 16-3-23; 16-3-24; 16-3-25; 16-3-26. "In this state, the battered person syndrome is not a separate defense and [evidence supporting this syndrome] is admissible only to assist the jury in evaluating a defendant's claim of self-defense" under OCGA § 16-3-21. (Citations omitted.) *Chester v. State*, 267 Ga. 9, 10 (471 SE2d 836) (1996), overruled on other grounds, *Smith v. State*, 268 Ga. 196, 200, n. 5 (486 SE2d 819) (1997). See also *Selman v. State*, 267 Ga. 198 (475 SE2d 892) (1996); *Chapman v. State*, 259 Ga. 706, 707 (4) (386 SE2d 129) (1989), overruled on other grounds, *Smith v. State*, supra, 268 Ga. at 100, n. 5; *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981); *Pugh v. State*, 191 Ga. App. 394 (382 SE2d 143) (1989).

However, self-defense is not an issue in this trial, where the criminal acts were directed toward non-aggressor victims. Accordingly, the battered person defense was not available to Ms. Graham, and the trial court did not err in excluding evidence thereof. See *Freeman v. State*, 269 Ga. 337, 339 (1) (d) (496 SE2d 716) (1998).

(b) This Court also finds that the trial court appropriately allowed Ms. Graham to fully pursue a justification defense on the basis of coercion. Under OCGA § 16-3-26, a justification defense of coercion is available to show that a criminal act "is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury."

In order for duress or fear produced by threats or menaces[ ] to be a valid legal excuse for doing anything which would otherwise be criminal, the act must have been done under such threats or menaces as show that life or member was in danger. . . . The danger must not be one of future violence but of present and immediate violence *at the time of the commission of the forbidden act.*

---

[4] Although Ms. Graham also alleged that she should have been allowed to present evidence of post-traumatic stress disorder, the transcript reveals that she was, in fact, allowed to present expert testimony regarding this syndrome. Further, such allegation is deemed abandoned by her failure to cite to any legal authority or argument. See Court of Appeals Rule 27 (c) (2).

(Citations and punctuation omitted; emphasis in original.) *Holder v. State*, 194 Ga. App. 790, 794 (4) (391 SE2d 808) (1990). However, in order to assert a statutory affirmative defense, such as coercion, the defendant must admit all of the elements of the crime except intent; evidence of coercion is then presented to "justify, excuse, or mitigate [the crime] by showing no criminal intent." *Hightower v. State*, 224 Ga. App. 703, 705 (481 SE2d 867) (1997). "After evidence of [coercion] is presented, the State bears the burden of disproving that defense beyond a reasonable doubt. [Cits.]" *Manning v. State*, 231 Ga. App. 584, 585 (3) (499 SE2d 650) (1998).

As to this defense, the trial court gave Ms. Graham substantial leeway in presenting extensive and graphic testimony that, on the day of the molestation, Mr. Graham threatened to kill her; brandished a handgun; pulled her hair; slapped her; and threatened to kill the children in her presence if she did not perform the molestation as he instructed. The children testified that Mr. Graham "made" their mother perform these acts; that Ms. Graham repeatedly told Mr. Graham that she did not want to perform the acts; that Mr. Graham hit and threatened Ms. Graham before and during the acts; and that Mr. Graham threatened to beat them with belts in Ms. Graham's presence if they did not do as they were told. Further, the trial court frequently allowed the witnesses to explain answers by referring directly or indirectly to relevant previous and subsequent threats or violent acts by Mr. Graham.

However, the State countered this evidence with Ms. Graham's May 1997 statement to police, in which she recounted all of the molesting acts in detail and said that she was "tripped" out about what was happening. Although Ms. Graham alluded to threatening acts by Mr. Graham on that day, she also admitted that she left the bedroom at least one time to make lemonade and smoke a cigarette. Following the incident, she instructed the children not to tell anyone about the molestation, although she told her daughter that she was "proud" when the girl finally told the school counselor. It is undisputed that Ms. Graham never contacted authorities about the molestation or her claims of Mr. Graham's abuse of her or the children.

Following the presentation of evidence, the trial court gave a jury instruction on the coercion defense. Clearly, in convicting Ms. Graham of all 12 criminal charges, the jury determined that Ms. Graham's actions were not justified on the basis of coercion. This determination as to an affirmative defense is solely within the purview of the jury and will not be disturbed by this Court, as it is supported by sufficient evidence. See OCGA §§ 16-3-28; 24-9-80; *Manning v. State*, supra at 585 (3); *Hightower v. State*, supra at 705; *Luke v. State*, 222 Ga. App. 203, 206 (2) (474 SE2d 49) (1996); *Pardue v. State*, 214 Ga. App. 690 (448 SE2d 768) (1994).

2. Ms. Graham also contends on appeal that the trial court erred by failing to give her requested charge on justification under OCGA § 16-3-20. However, the trial court gave a comprehensive charge on coercion, which was the relevant portion of the justification defense. Accordingly, this enumeration lacks merit. See *Chapman v. State*, 258 Ga. 214, 216 (3) (b) (367 SE2d 541) (1988).

3. In her third enumeration, Ms. Graham asserts that the trial court abused its discretion when it refused to sever the trial. "[T]he severance of [the] defendants' trials is within the sound discretion of the trial court and its decision will not be disturbed unless there is an abuse of that discretion. OCGA § 17-8-4." *Dixon v. State*, 268 Ga. 81, 83 (2) (485 SE2d 480) (1997).

> A defendant desiring severance has the burden of demonstrating more than the possibility that a separate trial would provide him a better chance of acquittal. He must make a clear showing of prejudice and a consequent denial of due process in the absence of severance. [Cit.]

*Berry v. State*, 267 Ga. 605, 611 (481 SE2d 203) (1997). See also *Dixon v. State*, supra at 83.

In this case, Ms. Graham claims that her case was prejudiced when Mr. Graham's attorney repeatedly objected to her attorney's attempts to introduce evidence of prior episodes of spousal abuse in an effort to prove that Ms. Graham suffered from battered person syndrome. However, as established in Division 1, supra, such evidence was inadmissible in this case and already had been expressly excluded by the trial court. Regardless of whether the trial was severed, Ms. Graham would not have been allowed to introduce such evidence, so that she cannot demonstrate prejudice by the fact that the evidence *also* was excluded pursuant to Mr. Graham's objections.

Further, to the extent that she claims prejudice as a result of Mr. Graham's numerous objections to this evidence, such objections were induced by her unrelenting attempts to interject inadmissible evidence. It is axiomatic that a "party will not be heard to complain of error induced by [her] own conduct." (Citations and punctuation omitted.) *Littlefield v. State*, 197 Ga. App. 343, 344 (398 SE2d 375) (1990). See also *State v. Barnes*, 222 Ga. App. 875 (476 SE2d 646) (1996); *Wells v. State*, 212 Ga. App. 60 (441 SE2d 460) (1994).

Finally, this trial involved testimony of two very young victims, who testified in explicit detail about the sexual abuse to which they were subjected by their parents. The defendants were jointly indicted, and all of the offenses involved cohesive and concurrent efforts by both parents, who were acting as either principal or party to the crimes. Both defendants testified and were subject to thorough

and sifting cross-examination. The evidence was generally consistent and specific as to each defendant. With the exception of the issue of coercion, the evidence was inculpatory of both defendants. In denying the motion to sever, the trial court expressly noted that, in its opinion, the jury would be able to "sort out what part each defendant played in the case" and determine whether Ms. Graham was coerced into molesting her children. Under the circumstances of this case, the trial court did not abuse its discretion in refusing to sever the trials.

4. Ms. Graham contends that the trial court erred in refusing to grant her motions for mistrial. "A trial court has broad discretion in ruling on a motion for mistrial, and this court will not disturb the court's ruling absent a manifest abuse of discretion which requires a mistrial to preserve the defendant's right to a fair trial." (Citations and punctuation omitted.) *Holder v. State*, supra at 793 (2).

Ms. Graham's motions followed the trial court's exclusion of testimony regarding prior incidents of spousal abuse. Pursuant to our decision in Division 1, supra, the trial court did not abuse its discretion in refusing to grant a motion for mistrial.

5. Further, the trial court did not abuse its discretion in denying Ms. Graham's motion for a new trial, which motion set out generally the issues in this appeal.

6. Although this Court affirms Ms. Graham's convictions, we are compelled to remand this case to the trial court for re-sentencing. The trial court erred as a matter of law in merging Ms. Graham's three aggravated child molestation convictions into her child molestation convictions during sentencing, thereby violating the statutory minimum sentencing requirements under OCGA § 17-10-6.1 (b).

Evidence was presented at trial that was sufficient to convict Ms. Graham of each count. Each charge was specific and distinct, and evidence of one act was not required to prove the others. See OCGA § 16-1-6 (1). Therefore, once Ms. Graham was convicted on all 12 counts, the trial court was authorized to sentence her as to each charge. *Howard v. State*, 200 Ga. App. 188, 191 (5) (407 SE2d 769) (1991) (holding that "when, as here, the indictment for each offense is based on separate and distinct acts, the offenses do not merge. [Cit.]"); see also *Vest v. State*, 211 Ga. App. 882, 883-884 (2) (440 SE2d 765) (1994); *Baker v. State*, 211 Ga. App. 515 (1) (439 SE2d 668) (1993); *King v. State*, 209 Ga. App. 529, 532 (4) (433 SE2d 722) (1993); *Bryant v. State*, 204 Ga. App. 856, 857 (2) (420 SE2d 801) (1992).

However, during sentencing, the trial court merged some of the counts after finding that all of the acts occurred on a single day and constituted a "single course of action." As a result, the trial court sentenced Ms. Graham on only two counts of child molestation (twenty years each, five to serve), effectively merging the remaining convic-

tions, including three counts of aggravated child molestation. Such merger was error, as aggravated child molestation cannot be merged into child molestation as a matter of law, since it is a greater, not lesser, offense involving additional elements. See OCGA §§ 16-1-6 (1); 16-6-4 (b), (d) (1).

The trial court's erroneous merger circumvented the mandatory minimum sentence of ten years imprisonment for aggravated child molestation under OCGA § 16-6-4 (d) (1).[5] See also OCGA §§ 17-10-1 (a) (1); 17-10-6.1.[6] Accordingly, we must remand Ms. Graham's case for re-sentencing as to her convictions for aggravated child molestation.

### Case No. A99A0937

7. In his first enumeration, Mr. Graham challenges the sufficiency of evidence. After reviewing the entire record, this Court finds that the evidence was more than sufficient for a rational person to find Mr. Graham guilty beyond a reasonable doubt of each of the crimes charged. *Jackson v. Virginia*, supra; *Kapua v. State*, supra.

8. Mr. Graham complains that his sentence was "disproportionate as a matter of fact and as a matter of law" as compared to Ms. Graham's sentence. The trial court sentenced Mr. Graham to consecutive terms of thirty years imprisonment for each of two counts of aggravated child molestation (one per child) and twenty years imprisonment for two counts of child molestation (one per child); twenty years of the sentence was probated. However, as noted above, the trial court erroneously sentenced Ms. Graham on only two counts of child molestation (twenty years each, five to serve).

In his argument on appeal, Mr. Graham admits that the trial court erred in merging Ms. Graham's aggravated child molestation counts into those for child molestation. See Division 6, Case No. A99A0858, supra. Accordingly, his complaint is not that his sentence was too severe per se, or that it was otherwise outside the statutory

---

[5] Under OCGA § 16-6-4 (d) (1), a

person convicted of the offense of aggravated child molestation shall be punished by imprisonment for not less than ten nor more than 30 years. Any person convicted under this Code section of the offense of aggravated child molestation shall, in addition, be subject to the sentencing and punishment provisions of Code Sections 17-10-6.1 and 17-10-7.

[6] OCGA § 17-10-6.1 (b) provides that, upon conviction of a serious violent felony as defined in OCGA § 17-10-6.1 (a) (2)-(7), a defendant

shall be sentenced to a mandatory minimum term of imprisonment of ten years and no portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and shall not be reduced by any form of pardon, parole, or commutation of sentence by the State Board of Pardons and Paroles.

guidelines,[7] but that Ms. Graham's sentence was *too lenient*, so that he was punished disproportionately.

This issue will be partially resolved upon remand of Ms. Graham's case for re-sentencing on the aggravated child molestation convictions. Assuming that Ms. Graham is sentenced according to the statutory requirements, any remaining inequality between the sentences can be explained by the trial court's finding that the evidence demonstrated substantially greater culpability on the part of Mr. Graham. See generally *McClesky v. State*, 245 Ga. 108, 115 (263 SE2d 146) (1980). The trial court noted that Mr. Graham was the principal actor in the acts which were the basis for the aggravated child molestation counts. Further, there was substantial evidence that the acts were initiated, directed, and controlled by Mr. Graham. The trial court had the discretion to sentence Mr. Graham within the statutory guidelines. There was no abuse of discretion.

*Judgment affirmed in Case No. A99A0937. Judgment of conviction affirmed, sentence vacated and remanded in Case No. A99A0858. Pope, P. J., and Smith, J., concur.*

DECIDED JULY 29, 1999 

*Ronald G. Shedd*, for appellant (case no. A99A0858).
*William R. Thompson, Jr.*, for appellant (case no. A99A0937).
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.

---

[7] There is no dispute that Mr. Graham's sentence falls within the statutory guidelines for his convictions. See OCGA §§ 16-6-4 (b), (d) (1); 17-10-6.1. Further, the trial court informed both defendants of their right to appeal their sentences to the Superior Court Sentence Review Panel, and Mr. Graham filed such appeal.